IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

GWENDOLYN G. CARANCHINI,

    **Plaintiff,**

    v.

LOLA PECK, et al.,

    **Defendants.**

Case No. 18-2249-CM-GLR

## MEMORANDUM AND ORDER

This matter is before the Court upon the following motions: Defendants Johnson County Jail and Sheriff Calvin Hayden's Motion to Stay Discovery and Pretrial Proceedings and Memorandum in Support (ECF 15); Gwen Caranchini's Request to the Court for Conference with the Court and Defence (sic) Counsel Regarding the Need for Telephone Conferences, Meetings with Plaintiff and Overall Conduct with Plaintiff Regarding the Handling of this Case (ECF 20); Gwen Caranchini's Motion Requiring Sheriff Calvin Hayden to Turn Over All Caranchini's Jail Records to Caranchini, Including Any and All Pictures of Any Kind, and Expunge Any and All Jail Records Whatsoever Regarding Her Incarceration (ECF 27 and 35); and Gwen Caranchini's Request for Hearing on Defendant Jail/Hayden and Their Attorney's Refusal to Abide by the District Court's Order to Expunge Caranchini's Records Regarding Her Incarceration (ECF 43). For the reasons discussed below, Defendants Johnson County Jail and Sheriff Calvin Hayden's motion to stay discovery is granted. Plaintiff's motions to produce jail records are deferred. Plaintiff's motions for hearing are denied.

Plaintiff filed this case on May 14, 2018. On June 1, 2018, Defendants Johnson County Jail and Sheriff Calvin Hayden filed a motion to dismiss (ECF 11). Three days later, they filed their motion to stay discovery and stating they had asserted the defenses of official capacity and

qualified immunity in their motion to dismiss, and that discovery should therefore be stayed, pending ruling upon the motion to dismiss. Plaintiff opposes the motion to stay discovery (ECF 24).

"The general policy in this district is not to stay discovery even though dispositive motions are pending."[1] There are exceptions, however, to this general policy: ". . . where the case is likely to be finally concluded as a result of the ruling thereon; where the facts sought through uncompleted discovery would not affect the resolution of the motion; or where discovery on all issues of the broad complaint would be wasteful and burdensome."[2]

Generally, a defendant is entitled to have questions of immunity resolved before being required to engage in discovery.[3] The Supreme Court has also held that until the "threshold immunity question is resolved, discovery should not be allowed."[4] One reason for this is to allow courts to "weed out" lawsuits "without requiring a defendant who rightly claims qualified immunity to engage in expensive and time consuming preparation to defend the suit on the merits."[5]

In this case, the Court finds a stay of discovery is appropriate. Defendants Johnson County Jail and Sheriff Calvin Hayden have asserted qualified immunity and official capacity in their motion to dismiss. Although Plaintiff opposes the motion, she does not articulate any reason why the stay should not be granted in light of the defenses of qualified immunity raised in the motion to dismiss. She instead argues the substance of the motion to dismiss, based upon her

---

[1] *Wolf v. United States*, 157 F.R.D. 494, 495 (D. Kan. 1994) (citing *Kutilek v. Gannon,* 132 F.R.D. 296, 297–98 (D. Kan.1990)).
[2] *Id.*
[3] *See Pfuetze v. Kansas*, No. 10-1139-CM-GLR, 2010 WL 3718836 (D. Kan. Sept. 14, 2010) (citing *Siegert v. Gilley*, 500 U.S. 226, 232 (1991)).
[4] *Harlow v. Fitzgerald*, 457 U.S. 800, 819 (1982).
[5] *Siegert v. Gilley*, 500 U.S. 226, 232 (1991).

belief that the defendants are not entitled to qualified immunity. The Court will rule upon that motion in due course. Pending that ruling, however, it grants the motion to stay discovery.

Because the Court grants the motion to stay discovery, it also defers ruling upon Plaintiff's motions to produce jail records. It will address those motions upon any lifting of the stay.

Finally, the Court denies the motions for hearing. Plaintiff has provided no adequate authority or justification for a hearing. In her first motion for hearing she appears to request a hearing to address what she perceives to be a lack of communication with defense counsel. She points to no authority, either Federal Rules of Civil Procedure, District of Kansas Rules, or otherwise, to simply justify the Court to require a hearing or conference with opposing counsel at this stage of the proceedings. In her second motion for hearing, Plaintiff appears to request a hearing on her motions for jail records. As previously discussed, those motions are deferred. The Court denies Plaintiff's motions for hearings.

**IT IS THEREFORE ORDERED BY THE COURT** that Defendants Johnson County Jail and Sheriff Calvin Hayden's Motion to Stay Discovery and Pretrial Proceedings and Memorandum in Support (ECF 15) is **granted.**

**IT IS FURTHER ORDERED** that Gwen Caranchini's Request to the Court for Conference with the Court and Defence (sic) Counsel Regarding the Need for Telephone Conferences, Meetings with Plaintiff and Overall Conduct with Plaintiff Regarding the Handling of this Case (ECF 20) is **denied**.

**IT IS FURTHER ORDERED** that Gwen Caranchini's Motion Requiring Sheriff Calvin Hayden to Turn Over All Caranchini's Jail Records to Caranchini, Including Any and All Pictures of Any Kind, and Expunge Any and All Jail Records Whatsoever Regarding Her

Incarceration (ECF 27 and 35) is **deferred, pending further order of the Court that lifts the stay of discovery.**

**IT IS FURTHER ORDERED** that Gwen Caranchini's Request for Hearing on Defendant Jail/Hayden and Their Attorney's Refusal to Abide by the District Court's Order to Expunge Caranchini's Records Regarding Her Incarceration (ECF 43) is **denied.**

**IT IS SO ORDERED.**

Dated July 10, 2018, at Kansas City, Kansas.

*S/ Gerald L. Rushfelt*
Gerald L. Rushfelt
U.S. Magistrate Judge
