IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF KANSAS
IN KANSAS CITY, KANSAS

| | |
|---|---|
| GWENDOLYN G. CARANCHINI, a/k/a<br>GWEN  CARANCHINI, | ) |
| | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CASE NO.2:18-cv-02249-CM-TJJ |
| | ) |
| LOLA PECK and RICK PECK IV, a/k/a RICK | ) |
| PECK, collectively; and LOLA PECK, individually, | ) |
| CALVIN HAYDEN, SHERIFF OF THE JOHNSON | ) |
| COUNTY  SHERIFF'S OFFICE  in OLATHE, KANSAS; | ) |
| CORIZON,  Operator of the Johnson County Jail | ) |
| Medical Services; THE OFFICE OF THE DISTRICT | ) |
| ATTORNEY for the STATE OF KANSAS, COUNTY OF | ) |
| JOHNSON, and more particularly the following | ) |
| INDIVIDUALS:  JOHN FRITZ AND MICHAEL | ) |
| McELHINNEY,  ASSISTANT DISTRICT ATTORNEYS, | ) |
| THE HONORABLE DAN VOKINS and THE | ) |
| HONORABLE JAMES E. PHELAN, Johnson County | ) |
| Magistrate Court Judges of Johnson County, | ) |
| Kansas. | ) |
| | ) |
| Defendants. | ) |

GWEN CARANCHINI'S
REPLY IN OPPOSITION TO DEFENDANTS LOLA PECK AND RICK PECK
OPPOSITION TO PLAINTIFF'S MOTION TO
ENGAGE WITH PLAINTIFF, TO SET ASIDE STAY OF DISCOVERY IN THIS MATTER,
AND TO REQUIRE THE PARTIES TO ENTER INTO A SCHEDULING ORDER

Comes now the Plaintiff, Gwen G. Caranchini, hereinafter referred to as "Caranchini,"

and files the following response to "Defendants LPeck, RPeck, and LPeck and RPeck's

Opposition to Plaintiff's Motion set forth in Document 65 which seeks:

1. To require the Defendants to "engage" with Plaintiff;

2. To set aside the Stay of Discovery in this Matter previously imposed by

   Magistrate Rushfelt;

   AND

3. To Require the Parties to Enter into a Scheduling Order.

**First,** looking at what the Plaintiff requested in Item No. 1, where is there a response to

Mr. Baker and his clients "interacting" with the undersigned in this lawsuit?  THERE IS NO

RESPONSE WHATSOEVER.

**Second,** where is the response to lifting the stay on discovery?  There is no discussion

whatsoever.

**Third,** where is there any discussion about a "Scheduling Order"  There is none.

No, rather than address the issues raised by Caranchini in her 21 page brief, Mr. Baker

on behalf of the "Peck" defendants objects on the grounds the Motion is "repetitive", "patently

abusive", and "not supported by the law" the latter apparently because the Pecks have filed an

"anti SLAPP motion".   The Pecks also contend these Motions were denied by Magistrate

Rushfelt.   The Pecks through their attorney, consistently with his manner of "attacking

Caranchini", contends Caranchini is merely seeking a "do over" moment and that Judge

Rushfelt was not removed because of Caranchini's Motion to Recuse him, even though he was

removed less than two days after Caranchini requested his removal.  He merely retired.

The Pecks' attorney thereafter goes on in his usual "attack style" against Caranchini claiming

that Caranchini's Motion is essentially ill taken because it lacks reference to case law, and

because Judge Rushfelt had already denied these Motions.  Page 2 is a continuation of his

"colorful" attack on Caranchini personally, while **never addressing the sum and substance of Caranchini's brief in any particular whatsoever.**  While Mr. Baker claims there is reference to some case law supporting his brief by His Honor and himself, there is none whatsoever that is relevant.

Mr. Baker also, as the Court will note in his multiple "filings and pleadings" contends that the undersigned is engaged in what he describes as "play therapy" by which Caranchini assumes he means Caranchini actually writing in a "legal manner" which he never even approaches in any of his "briefs" .  Its very insulting, but all the defense counsel believe that their insulting attacks on the undersigned will sooner or later cause the undersigned to "faint or fade away" or cause the Court to somehow "believe" their "allegation".  In any event, Caranchini ignores all of the defense attorneys' attacks on her personally, and just goes forward.  However, Mr. Baker's attacks on the undersigned are just plain rude and do not come close to being "legal" in nature.  They are also a waste of time, and the paper they are printed on.  Twenty years ago in the Missouri Federal Court some judges I know would have just said "Enough" in more ways than one.  But be that as it may. Mr. Baker continues on his "rant" on Page 2.  I sincerely doubt Mr. Baker could do the work the undersigned does in the Merit Systems Protection Board or the Equal Employment Opportunity Commission for Government Employees.  It is extremely complex and I have done it since 1986 along side the work I did in the federal courts.  None of these attorneys have any knowledge of that work and that I am recognized as an "attorney" in those courts by the Judges in charge.  As far as what I write, quite frankly, I sincerely doubt that any attorney I know, and I know many who practice in the Missouri Federal Courts, would ever file what Mr. Baker or any of  these defense lawyers file as

3

these three attorneys rarely write in accordance with federal rules. However, the commentary of Mr. Baker is not relevant.  The issues raised by my Motion are relevant.  **And, Mr. Baker has not replied to 90 percent of the issues raised in my Motion which is typical of what he does— he rants against me but never replies.  This Court will see that over and over.**

Mr. Baker contends my Motions and writings are "inflammatory".  Quite frankly, I deny that.  Once again, he draws a "conclusion" but does not tell this Court or the undersigned what exactly he is complaining of that Caranchini did or did not say.  This is his typical style of writing which I have come to expect of him.   It is wearisome but one must read it to see if perchance there is something among his "rants" that require a response.  So far, I have found nothing whatsoever in any of his filings.

Mr. Baker finally claims the undersigned needs to have "restrictions" placed upon her because of her filings.  I deny that.  In my forty years of filings in Court not a single judge has said that my filings require payment to the other side except two judges:  Judge Bartlett and Judge Whipple and those sums were substantially reduced and I believe totally removed on appeal.  The Kansas Judges, including Magistrate Rushfelt were all reversed on appeal.   If anyone needs to have "restrictions", quite frankly, it is Mr. Baker.  His rants against the undersigned "on and on" and has never addressed any of the issues in the brief.  I have not asked for sanctions, as I believe they "speak for themselves" and do not speak well of  Mr. Baker nor of his clients' defenses.

 If the Court looks at the brief to which Mr. Baker is replying it is 21 pages of FACTUAL ALLEGATIONS.  Mr. Baker barely, if at all rebuts those allegations in his three pages.  That in itself speaks loudly about what his clients did and did not do.  This is true of all the defense

counsel.  The undersigned writes substantive briefs with definitive facts under oath, and they are not rebutted under oath and the counter briefs are rarely if ever more than three pages. Likewise, if they are in excess of three pages, they are essentially motions for summary judgment which are premature as they contain facts upon which I have had no discovery whatsoever.  The Court will see this in my reply to an outstanding Motion.

**Wherefore, for the above and foregoing reasons, Caranchini respectfully, requests this Court grant her Motion with respect to the Pecks**.

Respectfully submitted,

s/*Gwen G. Caranchini*

Gwen G. Caranchini J.D. PRO SE
1203 West 62nd Street
Kansas City, Missouri 64113
gwencaranchini@gmail.com
816.223.7178
Pro Se Plaintiff

CERTIFICATE OF MAILING

I hereby certify that on the 17th day of September 2018 I electronically filed the foregoing and also responded to all issues raised by the Pecks' attorney in his Reply to my filing at Document 65 by using CM/ECF system which will send a notice of electronic filing to the following:

Linus L. Baker
6732 West 185th Ter
Stillwell, Ks 66085-8922
913-486-3913
linusbaker@prodigy.net
Attorney for Defendants Pecks

Kirk Ridgway
Ferree, Bun, Rundberg & Ridgway
9393 W. 110th Street, Ste 200
Overland Park Ks. 66210
kridgway@fbr2law.com
Attorney for the "Jail"

Stephen O. Phillips
Office of Attorney General-Kansas
120 S.W. 10th Avenue, 2nd Floor
Topeka, Ks. 66612-1597
785-368-8421
Steve.phillips@ag.ks.gov
Attorneys for State Defendants

*s/ Gwen G. Caranchini*