# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

GWENDOLYN G. CARANCHINI,

  Plaintiff,

  v.

LOLA PECK, et al.,

  Defendants.

Case No. 18-2249-CM-TJJ

## MEMORANDUM AND ORDER

  Pro se plaintiff Gwendolyn G. Caranchini filed the present action against Lola and Rick Peck, Johnson County Sheriff Calvin Hayden, and individuals from the Johnson County Court and District Attorney's Office, for, among other claims, violations of her constitutional rights while she was incarcerated in the Johnson County Jail. The matter is currently before the court on Sheriff Hayden's Motion to Dismiss (Doc. 11). Sheriff Hayden argues the claims against him should be dismissed under Rule 12(b)(6) of the Federal Rules of Civil Procedure. For the following reasons, the court grants Sheriff Hayden's motion.

### I.  Background

  Plaintiff filed a 147-page complaint on May 14, 2018. The court will highly summarize the facts relevant to the present motion. Plaintiff, a former attorney[1], and defendant Rick Peck were involved in an extra-marital affair. At some point Rick and his wife, defendant Lola Peck, filed for a Temporary

---

[1] Plaintiff admits she has been disbarred by the State of Missouri, the United States District Court for the Western District of Missouri, the United States District Court for the District of Kansas, the Eighth Circuit Court of Appeals, the United States Supreme Court, and possibly the Tenth Circuit Court of Appeals. She does not have an active license in any jurisdiction. She claims however, that she was advised that she could still appear in front of the Merit Systems Protection Board and the Equal Employment Opportunity Commission and could "hold herself out as an attorney." (Doc. 85, at 2–3.)

-1-

Restraining Order ("TRO") against plaintiff. At the time the TRO was filed, Rick and Lola Peck were divorced but apparently still living together.

On February 9, 2017, plaintiff appeared in front of a Johnson County District Court magistrate judge for a hearing on the TRO. At the conclusion of the hearing, deputies from the Johnson County Sheriff's Department arrived to arrest plaintiff on telephone harassment charges. Plaintiff was taken to the Johnson County Jail where she was held until she was released the following evening on bond. She was incarcerated for approximately 36 hours.

Plaintiff cites various instances that occurred during her incarceration that she claims are violations of her constitutional rights:

- She was required to give up her personal belongings before she was charged or made aware of the charges against her,
- She was required to undress in front of both men and women, and at least one woman took photographs of her while she undressed,
- She was not given an opportunity to make a telephone call,
- She was placed in a jail cell before being advised of why she was incarcerated,
- She was not given an opportunity to post bail,
- She was denied her medications or the opportunity to see a doctor or nurse,
- She was placed in a cell with bright lights which intensified her migraine headaches,
- She was denied food that complied with her restricted diet,
- She was denied water for ten hours,
- She was subjected to sexual harassment and was slammed into the corner of her cell while jail staff "acted in a sexual manner against her backside,"
- She was subjected to inhumane conditions in her cell, was told to use the bathroom on the floor, and was told to sit on the cold floor.

Sheriff Hayden is listed as a defendant in Counts VI and VII of the complaint. In the "Factual Basis for Jurisdiction," in the complaint, plaintiff notes her claims are against Sheriff Hayden "in his capacity as 'Sheriff' and not in his individual capacity as a citizen of Johnson County, Kansas . . . ." (Doc. 1, at 17.) Plaintiff also notes her claims are against "the jail itself as well as its personnel," because "the following actions and inactions of the 'jail staff' . . . establish grounds for violation of Caranchini's constitutional rights under 42 U.S.C. 1982 et seq." (*Id.*) Plaintiff also alleges that the individual sheriffs

and staff working for Sheriff Hayden in the jail "were not 'working within the scope of their employment' for Johnson County," and she therefore seeks damages for their conduct which was "outside the scope of their normal employment." (Doc. 1, at 17–18.)

**II.     Legal Standards**

The court will grant a 12(b)(6) motion to dismiss only when the factual allegations fail to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Although the factual allegations need not be detailed, the claims must set forth entitlement to relief "through more than labels, conclusions and a formulaic recitation of the elements of a cause of action." *In re Motor Fuel Temperature Sales Practices Litig.*, 534 F. Supp. 2d 1214, 1216 (D. Kan. 2008). The allegations must contain facts sufficient to state a claim that is plausible, rather than merely conceivable. *Id.* "All well-pleaded facts, as distinguished from conclusory allegations, must be taken as true." *Swanson v. Bixler*, 750 F.2d 810, 813 (10th Cir. 1984); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The court construes any reasonable inferences from these facts in favor of the plaintiff. *Tal*, 453 F.3d at 1252.

Where, as here, the plaintiff proceeds pro se, the court construes the pro se filings liberally. *Hall v. Doering*, 997 F. Supp. 1445, 1451 (D. Kan. 1998) (citing *Hughes v. Rowe*, 449 U.S. 5, 9–10 (1980)). On the other hand, a plaintiff's pro se status does not relieve her from complying with this court's procedural requirements. *Barnes v. United States*, 173 F. App'x 695, 697 (10th Cir. 2006) (citations omitted). In considering these pro se filing standards, the court must also acknowledge that plaintiff is a trained attorney and, according to her complaint, has been an attorney for 40 years. The court will take this into consideration when construing the allegations in her complaint.

**III.     Analysis**

Sheriff Hayden moves to dismiss the claims against him and "the Johnson County jail" arguing plaintiff failed to state a claim under Rule 12(b)(6). Sheriff Hayden first notes that, according to the complaint, plaintiff's claims are for constitutional violations under "42 U.S.C. § 1982 et seq." Sheriff Hayden argues plaintiff has not pleaded any facts that state a claim under 42 U.S.C. § 1982, § 1984, § 1985, § 1986, § 1987, § 1988 or § 1989. The court agrees.

As for claims brought under 42 U.S.C. § 1983, Sheriff Hayden argues that claims against him in his official capacity should be dismissed because plaintiff has not pleaded any facts to establish a claim under *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978). Sheriff Hayden also argues that plaintiff has not shown any personal involvement that would render him liable for any individual capacity claims brought under 42 U.S.C. § 1983. And to the extent the court finds plaintiff has properly named individual, unnamed deputy sheriffs, Sheriff Hayden argues the claims should be dismissed because the facts pleaded in the complaint do not establish plaintiff's constitutional rights were violated.

Plaintiff's 147-page complaint includes more than 60 pages of facts and eight counts against various defendants. It is not entirely clear from the complaint what causes of action plaintiff has alleged against Sheriff Hayden. She repeatedly alleges her constitutional rights were violated while she was incarcerated, and in the "Factual Basis for Jurisdiction" section in the complaint, says her claims are under "42 U.S.C. § 1982 et seq."

The court could therefore liberally interpret plaintiff's allegations against Sheriff Hayden as claims under 42 U.S.C. § 1983. The purpose of § 1983 is "to provide a remedy to parties deprived of constitutional rights by a state official's abuse of his position while acting under color of state law." *Haines v. Fisher*, 82 F.3d 1503, 1508 (10th Cir. 1996). Section 1983 imposes liability "for violations of rights protected by the Constitution, not for violations of duties of care arising out of tort law." *Id*. Based on the allegations in the complaint, plaintiff seems to allege various constitutional violations, including

violations of her Sixth Amendment right to be notified of the accusations against her and to retain counsel, violations of her Eighth Amendment right to be free from cruel and unusual punishment, and violations of her Fourteenth Amendment rights, as a pretrial detainee, to be given adequate medical care.

In her response to Sheriff Hayden's motion to dismiss, however, plaintiff repeatedly insists she did not bring any claims under § 1983:

> Count VII at Page 123. Neither one of these Counts mentions a claim umder 42 U.S.C. Sec 1982, 83, 85, 86, 87, 89! Yet despite that this brief goes on and on at pages 3, 4 and 5 about these sections of U.S.C.!
>
> At the bottom of Page 5 and then Page 6 Mr. Ridgway then goes on about Johnson County not being a proper party under Section 1983. But Caranchini never sued Johnson County under section 1983!
>
> Likewise, Defendants claim there are insufficient facts to make a claim against Sheriff Hayden under Sec. 1983. Again, Caranchini NEVER stated a claim under Sec. 1983 at this point in time against Sheriff Hayden and Caranchini has not commenced discovery as of this point in

(Doc. 45, at 5.)

Without the ability to consider § 1983 as a cause of action, the court is limited as to how to interpret plaintiff's complaint. Simply stating there was a "violation of constitutional rights" is not sufficient to state a claim. Constitutional torts are not cognizable under the Federal Tort Claim Act, 28 U.S.C. § 1346. *F.D.I.C. v. Meyer*, 510 U.S. 471, 478 (1994). And constitutional tort claims brought in a *Bivens* action are for constitutional violations against federal officials, not state actors. *See Pahls v. Thomas*, 718 F.3d 1210, 1225 (10th Cir. 2013) (noting that a *Bivens* action is the "federal analog to a § 1983 suit—which provides a 'private action for damages against federal officers' who violate certain constitutional rights.").

Plaintiff's failure to adequately designate a cause of action for her claims is enough on its own for this court to find she has failed to state a claim. The obligation to liberally interpret pro se

pleadings requires the court "to look beyond a failure to cite proper legal authority, confusion of legal theories, and poor syntax or sentence construction." *Keehner v. Dunn*, 409 F. Supp. 2d 1266, 1270 (D. Kan. 2005). But this does not allow the court to become the advocate for the pro se litigant. *Id.* When a pro se litigant—who here, the court adds, also claims to have 40 years of experience as an attorney—fails to articulate a cause of action in the complaint, the court must liberally interpret the pleadings. And here, the court could reasonably interpret plaintiff's claims of constitutional violations as claims under 42 U.S.C. § 1983. But, again, plaintiff insists she has not stated a claim under § 1983. The court therefore finds plaintiff has failed to state a claim under Rule 12(b)(6).

Even if plaintiff's claims were properly brought under § 1983, the court also finds fatal errors in the pleadings that would require dismissal of the claims against Sheriff Hayden.[2] First, plaintiff states that her claim is against Sheriff Hayden in his official capacity. Official capacity claims, or municipal liability, are permitted under *Monell*. In *Monell*, the United States Supreme Court held that a municipality can be liable under § 1983 for violations of civil rights if the violation is the result of a "policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers." 436 U.S. at 690. This "official policy" requirement distinguishes the act of the municipality from acts of the employees of the municipality, as municipality liability cannot derive from a theory of respondeat superior. *See Pembaur v. City of Cincinnati*, 475 U.S. 469, 479–80 (1986). A government, therefore, cannot be sued under § 1983 for injuries caused by its employees, rather, liability only attaches

---

[2] The court would also mention that, although Sheriff Hayden did not raise the issue in the present motion, the court has held that sheriffs are immune from suit in federal court. Sovereign immunity is not a jurisdictional issue that the court must raise, and sovereign immunity can be waived. The court will therefore not discuss the issue, as it was either intentionally or unintentionally not raised. *See Myers v. Brewer*, No. 17-2682-CM, 2018 WL 3145401, at *6 (D. Kan. June 27, 2018); *see also Hunter v. Young*, 238 F. App'x 336, 338 (10th Cir. 2007); *Broyles v. Marks*, No. 18-3030-SAC, 2018 WL 2321822, at *4 (D. Kan. May 22, 2018); *Self v. Cnty. of Greenwood*, No. 12-1317-JTM, 2013 WL 615652, at *2 (D. Kan. Feb. 19, 2013); *Brown v. Kochanowski*, No. 07-3062-SAC, 2012 WL 4127959, at *9 n.3 (D. Kan. Sept. 19, 2012), aff'd 513 F. App'x 715 (10th Cir. 2013). *But see Trujillo v. City of Newton*, No. 12-2380-JAR, 2013 WL 535747, at *10 (D. Kan. Feb. 12, 2013); *Reyes v. Bd. of Cnty. Comm'rs of Sedgwick Cnty.*, No. 07-2193-KHV, 2008 WL 2704160, at *7–9 (D. Kan. July 3, 2008).

"when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflict the injury." *Monell*, 436 U.S. at 694. A plaintiff suing a municipality for the acts of its employees must show "(1) that a municipal employee committed a constitutional violation, and (2) that a municipal policy or custom was the moving force behind the constitutional deprivation." *Myers v. Okla. Cty. Bd. of Cty. Comm'rs*, 151 F.3d 1313, 1316 (10th Cir. 1998).

The United States Supreme Court has also recognized that a municipality's failure to provide training to employees, which caused a violation of constitutional rights, is actionable under § 1983 if "that city's failure to train reflects deliberate indifference to the constitutional rights of its inhabitants." *City of Canton, Ohio v. Harris*, 489 U.S. 378, 392 (1989). A plaintiff claiming inadequate training under § 1983 must show a specific training deficiency that, "in light of the duties assigned to specific officers or employees, the need for more or different training is so obvious, and the inadequacy so likely to result in the violation of constitutional rights, that the policymakers of the city can reasonably be said to have been deliberately indifferent to the need." *Id.* at 390. It is not sufficient to simply show that an injury or accident could have been avoided if an officer had better training. *Id.* at 391.

Plaintiff has stated that her claims are against Sheriff Hayden in his official capacity as sheriff (Doc. 1, at 17), and that she "complains and seeks damages of the Jail and the Sheriffs who work therein as the entity believed to be responsible for the 'management' of the jail in Olathe, Kansas, and oversight of the procedures followed by that facility which result in the alleged treatment of those incarcerated in that facility . . . ." (Doc. 1, at 109.) Plaintiff seems to take issue with the policies and management of the jail, but has not specified that any policies were the "moving force" behind any of the constitutional violations she claims. She also has not alleged that any obvious failure to train resulted in a deliberate indifference to her constitutional rights. The purpose of notice pleading is "to provide defendants with

fair notice of the claims against them and any alleged grounds for relief." *Armour v. Allied Universal*, 17-2258, 2017 WL 4536256, at * 1 (D. Kan. Oct. 11, 2017) (citing *Twombly*, 550 U.S. at 555). Without pleading any specific policies or showing a link between any policy and her injuries, plaintiff has failed to provide a "short and plain statement" of her claim to put Sheriff Hayden on notice that she is entitled to relief against him in his official capacity under *Monell*. *See Pyle v. Woods*, 874 F.3d 1257, 1266 (10th Cir. 2017) (finding a general allegation about municipal policies was insufficient to state a claim under § 1983 and was instead just "the type of 'formulaic recitation of the elements of a cause of action' that is insufficient to meet the *Twombly* pleading standard."). And to the extent plaintiff seeks any relief against Sheriff Hayden as the supervisor of jail employees, dismissal is also appropriate because municipality liability cannot derive from a theory of respondeat superior.

Second, plaintiff seems to seek relief against "jail staff" who were "not working within the scope of their employment for Johnson County." (Doc. 1, at 18.) Throughout her complaint, plaintiff generally refers to the "jail sheriffs" as parties individually liable for violating her constitutional rights. Plaintiff, however, did not name any individuals working at the jail as defendants. "At the pleading stage of a section 1983 suit, each defendant's role in the challenged action must be sufficiently alleged to make that person a plausible defendant." 6 Fed. Proc., L. Ed. § 11:317. The Tenth Circuit has "stressed the need for careful attention to particulars" in individual liability § 1983 cases, noting, "'it is particularly important' that plaintiffs 'make clear exactly *who* is alleged to have done *what* to *whom*, . . . as distinguished from collective allegations." *Pahls*, 718 F.3d at 1225. If a plaintiff is unaware of a defendant's true identity, the use of a "John Doe" pleading is appropriate until the identity can be learned through discovery or through the aid of the trial court. 6 Fed. Proc., L. Ed. § 11:317; *see also Culp v. Williams*, 456 F. App'x 718, 720 (10th Cir. 2012) (finding dismissal was proper against the John Doe

defendants because "the Federal Rules of Civil Procedure [do] not permit such actions against unnamed defendants following a suitable length of time for the plaintiff to identify the John Does.").

Plaintiff has failed to state any claims for relief against any individual jail employees. She refers generally to "jail staff," but does not specify any identifying descriptions so that individual jail employees may be on notice of the claims against them. In her response, plaintiff argues it is unreasonable to expect that she would be able to discover and remember the names of the jail staff she encountered during her incarceration. But as the court has explained, plaintiffs are generally allowed some flexibility to discover the identities of individual staff members through discovery. This does not excuse plaintiff, however, from failing to name such individuals as defendants, even if they are merely listed as "John Doe." As the Tenth Circuit has stated, "it is incumbent upon a plaintiff to 'identify *specific* actions taken by *particular* defendants' in order to make out a viable § 1983 . . . claim." *Pahls*, 718 F.3d at 1226 (also noting that it is insufficient to simply state that "'defendants infringed his rights."). The court therefore finds that any claims against individual jail staff members must be dismissed as she has failed to sufficiently plead a claim for relief against them.

**IT IS THEREFORE ORDERED** that defendant Sheriff Calvin Hayden's Motion to Dismiss (Doc. 11) is granted.

Dated October 15, 2018, at Kansas City, Kansas.

                                                       s/ Carlos Murguia
                                                      **CARLOS MURGUIA**
                                                      **United States District Judge**