IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

GWENDOLYN G. CARANCHINI,

    Plaintiff,

v.

LOLA PECK, et al.,

    Defendants.

Case No. 18-2249-CM-TJJ

## MEMORANDUM AND ORDER

This matter comes before the Court on the following motions, all filed by pro se Plaintiff Gwendolyn Caranchini: Gwen Caranchini's Motion to Court to Require Defendants to "Engage" with Plaintiff and Motion to Set Aside Stay of Discovery in this Matter and Motion to Require the Parties to Enter into a Scheduling Order and Shortened Factual Summary for Court's Information (ECF No. 65); Gwen Caranchini's Motion for Sanctions Pursuant to F. R. Civ. P. 11(b)(1) Against Defense Counsel Linus Baker, Kirk Ridgeway, and Stephen Phillips (ECF No. 74); and Gwen Caranchini's Withdrawal of Her Motion for Sanctions Pursuant to F. R. Civ. P. 11(b)(1) Against Defense Counsel Linus Baker, Kirk Ridgeway, and Stephen Phillips (ECF No. 80). For the reasons set forth below, the Court denies ECF No. 65, finds as moot ECF No. 74, and grants ECF No. 80.

### I. Brief Procedural History

This case was originally filed in the Western District of Missouri.[1] After the matter was dismissed in Missouri for lack of personal jurisdiction over the defendants,[2] Plaintiff filed the

---

[1] *See* ECF No. 1 at 10. *See also* ECF No. 70 at 1.

[2] ECF No. 1 at 10–11.

present lawsuit in this Court on May 14, 2018. The defendants are Rick and Lola Peck ("the Pecks"); Johnson County, Kansas Sheriff Calvin Hayden ("the Sheriff");[3] and the Johnson County, Kansas District Attorney's Office, Johnson County Assistant District Attorneys John Fritz and Michael McElhinney, and Johnson County Magistrate Judges Dan Vokins and James E. Phelan ("the State Defendants").[4]

All three groups of defendants have filed dispositive motions.[5] The Sheriff and the State Defendants each raised immunity arguments in their motions to dismiss, and the Pecks' dispositive motion is based on the Kansas anti-SLAPP statute. Because of the immunity defense raised by the Sheriff, the Court stayed discovery pending ruling on the dispositive motions on July 10, 2018.[6] Although Plaintiff objected to the request to stay discovery, the Court found that Plaintiff failed to "articulate any reason why the stay should not be granted in light of the defense of qualified immunity raised in the motion to dismiss."[7]

The Court also denied two of Plaintiff's motions for hearing.[8] One motion was based on Plaintiff's request for jail records, which the Court deferred ruling on pending any lifting of the stay of discovery. The other was based on Plaintiff's perceived lack of communication with defense counsel. The Court found that Plaintiff failed to point to any authority to justify "a hearing or conference with opposing counsel at this stage of the proceedings."[9]

---

[3] On October 15, 2018, District Judge Murguia granted Sheriff Calvin Hayden's motion to dismiss, thus dismissing Sheriff Hayden as a party to this action (ECF No. 92).

[4] Defendant Corizon has never been served the Summons and Complaint. The Court has ordered Plaintiff to show cause as to why Corizon should not be dismissed without prejudice for failure to serve Corizon within 90 days of filing the Complaint (ECF No. 93).

[5] ECF No. 3; ECF No. 11; ECF No. 69.

[6] ECF No. 46.

[7] *Id.* at 2.

[8] ECF No. 20 and ECF No. 43.

[9] ECF No. 46 at 3.

On September 7, 2018, Plaintiff filed her motion to set aside the discovery stay, among other requests. She filed her motion for sanctions on September 28, 2018, and her motion to withdraw her motion for sanctions on October 3, 2018.

**II.     Motion to Lift the Discovery Stay**

In this motion, Plaintiff requests the Court require defense counsel to "engage" with her by telephone or in person, set aside the stay of discovery, and require the parties enter into a scheduling order. Plaintiff begins by complaining that she has "**never met or verbally communicated in person or by telephone** at any time with any of the defense counsel or their staff" throughout this case.[10] Plaintiff also says Magistrate Judge Rushfelt, who was previously assigned to this case before his retirement on September 12, 2018, "refused to address the issue" of defense counsel not meeting with or talking to Plaintiff.[11] Plaintiff combines this issue with her request to set aside the stay of discovery. Plaintiff does not cite any authority for her request.

Plaintiff next requests the Court enter a scheduling order, despite acknowledging the pending dispositive motions Defendants have filed. Plaintiff details some of the discovery she intends to seek, much of which is directed at the Sheriff, who has been dismissed from this action.[12]

The remainder of Plaintiff's motion is a recitation of some of the facts included in her Complaint, to the best of her recollection.

---

[10] ECF No. 65 at 2 (emphasis in the original).

[11] *Id.* at 3. The Court also notes throughout Plaintiff's motion that Plaintiff accuses Judge Rushfelt of bias against her, without providing any evidence of such, and goes so far as to suggest that the "Senior Judges 'asked' Magistrate Rushfelt to take 'retirement' because of His actions directed to the undersigned." (ECF No. 72 at 3). Judge Rushfelt announced his retirement in April, before this case was filed. He retired on September 12, 2018 after 33 years of service on the bench. Any complaint Plaintiff had with Judge Rushfelt had no impact on his retirement.

[12] ECF No. 92.

Defendants argue Plaintiff's motion appears to be a motion to reconsider, and Plaintiff failed to comply with D. Kan. Rule 7.3(b) or even cite the rule as authority for her motion. Plaintiff does not dispute that her motion is a request for reconsideration but instead expresses the belief she does not need to comply with D. Kan. Rule 7.3 because the change of magistrate judge allows a "start over."[13] Plaintiff provides no authority for this position.

The parties agree that whether to grant a motion for reconsideration is within the Court's discretion.[14] The Court finds that Plaintiff's motion requests reconsideration of Judge Rushfelt's Memorandum and Order entered July 20, 2018.[15] In that order, Judge Rushfelt entered a stay of discovery and denied Plaintiff's requests for a hearing and to require telephone or in-person communication with defense counsel. District of Kansas Rule 7.3 governs motions to reconsider. Rule 7.3(b) says a party "seeking reconsideration of non-dispositive orders must file a motion within 14 days after the order is filed unless the court extends the time. A motion to reconsider must be based on: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error or prevent manifest injustice."

First, Plaintiff's motion is out of time. Judge Rushfelt's order was entered July 20, 2018. Plaintiff did not file her motion until September 7, 2018. But even if it were filed timely, none of the factors apply here. Plaintiff cites no intervening change in controlling law, no new evidence, and no need to correct clear error or prevent manifest injustice. She argues the factors are inapplicable because the undersigned is not the judge who entered the order and did not join with Judge Rushfelt in his ruling. She also believes that because there is a new magistrate judge

---

[13] ECF No. 72 at 5.

[14] *Geer v. Cox*, 219 F.R.D. 527, 528 (D. Kan. 2003) (citation omitted).

[15] ECF No. 46.

assigned, "the 'deadlines' are inapplicable."[16] This is not the case. The fact that Judge James is now the assigned magistrate judge in the case, rather than Judge Rushfelt, does not alter the existing deadlines in the case. All deadlines previously established in this case continue to be in place, absent an order extending them.[17]

In the previous order Plaintiff now wants reconsidered, the Court also found Plaintiff had failed to provide any authority that would require a conference call or in-person meeting with opposing counsel at this stage of the proceedings. Plaintiff again fails to provide any such authority in any of her motions before the Court now. Plaintiff says in her 40 years of experience as an attorney, she never had a case where she did not meet or talk with defense counsel. She provides no local, federal, or other rule or any other authority for her request. She blames the lack of contact by telephone on opposing counsel being "45 and younger."[18] Again, as Judge Rushfelt held previously, at this stage and posture of the case, there is no authority for Plaintiff's request of a conference call or in-person meeting with opposing counsel.

Plaintiff also fails to cite any authority for why the discovery stay should be lifted or for entering a scheduling order at this time. In fact, District Judge Murguia has already granted the Sheriff's motion to dismiss.[19] The State Defendants' motion to dismiss has not yet been decided, but it also raises immunity issues. As previously stated in the order granting the discovery stay, a defendant is generally entitled to have questions of immunity resolved before being required to engage in discovery.[20] Plaintiff has provided no basis, either in her original opposition to the

---

[16] ECF No. 73 at 5.

[17] *See* D. Kan. Rule 6.1.

[18] ECF No. 65 at 4.

[19] ECF No. 92.

[20] *Pfuetze v. Kansas*, No. 10-1139-CM-GLR, 2010 WL 3718836 (D. Kan. Sept. 14, 2010) (citing *Siegert v. Gilley*, 500 U.S. 226, 232 (1991)).

motion to stay discovery or her motion here, that convinces the Court to lift the stay. Because of the remaining pending dispositive motions, a discovery stay is still appropriate at this time. Because discovery is stayed, the Court will not enter a scheduling order. Should the discovery stay be lifted after the district judge rules on the State Defendants' and the Pecks' dispositive motions, the Court will set a scheduling conference when and as appropriate to discuss the scheduling order.

Even if Plaintiff's motion is not a motion for reconsideration and instead is a new motion raising the same issues previously raised, the motion is denied for the reasons stated above. Plaintiff has not provided any authority for requiring defense counsel to talk to her on the phone or meet with her in person, or for lifting the discovery stay.

**III.     Motion for Sanctions and Motion to Withdraw Motion for Sanctions**

Plaintiff filed a motion for sanctions against all defense counsel on September 28, 2018. In this motion, Plaintiff says she was admitted to practice law in the state of Missouri in 1978, and subsequently disbarred in 1997. Plaintiff takes issue with defense counsel referencing her disbarment in their briefing and asks the Court to sanction Defendants under Fed. R. Civ. P. 11(b)(1). Specifically, she requests monetary sanctions and entry of an order that Defendants are barred from referencing Plaintiff's disbarment or making any comment about Plaintiff referring to herself as an attorney.

Plaintiff argues that her disbarment took place 21 years ago, and Defendants reference it "as if it occurred yesterday" and do so only "to hurt Caranchini and hurt Caranchini's case at any particular time."[21] She further argues that after her disbarment, she contacted the Merit Systems Protection Board (MSPB) and the Equal Employment Opportunity Commission (EEOC) to ask

---

[21] ECF No. 74 at 3.

6

whether she could continue to hold herself out as an attorney. Both said that she could. As a result, Plaintiff calls herself an attorney but does not hold herself out as licensed in any particular state.

Defendants argue Plaintiff's motion should be denied for failure to comply with the Fed. R. Civ. P. 11(c) safe harbor requirements. Further, they argue even if the Court considered the motion on its merits, Plaintiff provides no justification for the Court to impose sanctions.

Plaintiff then filed her motion to withdraw the motion for sanctions. She says Fed. R. Civ. P. 11 "has changed substantially" since she last referred to it in 1995, and although she read it before filing her motion for sanctions, "she clearly misinterpreted the rule and its requirements."[22] Besides requesting the Court withdraw her motion for sanctions, Plaintiff also asks the Court to strike the Pecks' response to the motion for sanctions, without explaining why.

The State Defendants do not oppose the withdrawal of the motion for sanctions but request a protective order prohibiting Plaintiff from requesting the same or similar relief as sought in the motion, and that the Court impose filing restrictions prohibiting Plaintiff from filing any further motions except motions for extension until all dispositive motions are ruled on.

The Pecks do not oppose the withdrawal of the motion for sanctions so long as it is denied with prejudice so that Plaintiff could not seek the same relief in the future. They also oppose the request that their response be struck. They further request notice that further filings by Plaintiff seeking the same relief subject Plaintiff to filing restrictions.

The Court grants Plaintiff's motion to withdraw her motion for sanctions. The withdrawn motion for sanctions is therefore moot. The Court will not impose filing restrictions at this time. The Court in its discretion does, however, have authority to impose filing restrictions under

---

[22] ECF No. 80 at 2.

certain circumstances on litigants who abuse the judicial process. "The right of access to the courts is neither absolute nor unconditional and there is no constitutional right of access to the courts to prosecute an action that is frivolous or malicious."[23] Although the Court does not impose filing restrictions at this time, it may impose "carefully tailored restrictions under the appropriate circumstances" in the future upon motion by a party.[24] The Court admonishes Plaintiff that she must assume responsibility for familiarizing herself with the Federal Rules of Civil Procedure, including Rule 11, and for following them. If Plaintiff commits further violations, she may in fact subject herself to sanctions, which could include filing restrictions.

**IT IS THEREFORE ORDERED BY THE COURT** that Gwen Caranchini's Motion to Court to Require Defendants to "Engage" with Plaintiff and Motion to Set Aside Stay of Discovery in this Matter and Motion to Require the Parties to Enter into a Scheduling Order and Shortened Factual Summary for Court's Information (ECF No. 65) is denied.

**IT IS FURTHER ORDERED** that Gwen Caranchini's Motion for Sanctions Pursuant to F. R. Civ. P. 11(b)(1) Against Defense Counsel Linus Baker, Kirk Ridgeway, and Stephen Phillips (ECF No. 74) is found as moot.

**IT IS FURTHER ORDERED** that Gwen Caranchini's Withdrawal of Her Motion for Sanctions Pursuant to F. R. Civ. P. 11(b)(1) Against Defense Counsel Linus Baker, Kirk Ridgeway, and Stephen Phillips (ECF No. 80) is granted.

---

[23] *Salem v. Kansas*, No. 15-2209-CM-JPO, 2015 WL 1886707, at *6 (D. Kan. Apr. 24, 2015) (citing *Sieverding v. Colo. Bar Ass'n*, 469 F.3d 1340, 1343 (10th Cir. 2006) (internal citations omitted)).

[24] *Ysais v. Richardson*, 603 F.3d 1175, 1180 (10th Cir. 2011) (citing *Tripati v. Beaman*, 878 F.2d 351, 352 (10th Cir. 1989)).

**IT IS SO ORDERED.**

Dated October 26, 2018, at Kansas City, Kansas.

/s/ Teresa J. James
Teresa J. James
U. S. Magistrate Judge