## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

GWENDOLYN G. CARANCHINI,

    **Plaintiff,**

    v.

LOLA PECK, et al.,

    **Defendants.**

Case No. 18-2249-CM-TJJ

## MEMORANDUM AND ORDER

Pro se plaintiff Gwendolyn G. Caranchini filed the present action against the Johnson County District Attorney's Office, Assistant District Attorneys ("ADA") John Fritz and Michael McElhinney, Johnson County Magistrate Judge Dan Vokins, and Johnson County Magistrate Judge James E. Phelan (collectively the "State defendants"), Rick and Lola Peck, and Johnson County Sheriff Calvin Hayden. The matter is currently before the court on the State defendants' Motion to Dismiss (Doc. 69) and plaintiff's Motion to Dismiss Without Prejudice (Doc. 91). For the following reasons, the court grants the State defendants' motion and denies plaintiff's motion.

**I.**    **Background**

Plaintiff filed a 147-page complaint on May 14, 2018. The court will highly summarize the facts relevant to the present motion. Plaintiff, a former attorney[1], and defendant Rick Peck were involved in an extra-marital affair. At some point Rick and his wife, defendant Lola Peck, filed for a Temporary

---

[1] Plaintiff admits she has been disbarred by the State of Missouri, the United States District Court for the Western District of Missouri, the United States District Court for the District of Kansas, the Eighth Circuit Court of Appeals, the United States Supreme Court, and possibly the Tenth Circuit Court of Appeals. She does not have an active license in any jurisdiction. She claims however, that she was advised that she could still appear in front of the Merit Systems Protection Board and the Equal Employment Opportunity Commission and could "hold herself out as an attorney." (Doc. 85, at 2–3.)

Restraining Order ("TRO") against plaintiff. At the time the TRO was filed, Rick and Lola Peck were divorced but apparently still living together.

On February 9, 2017, plaintiff appeared in front of a Johnson County District Court magistrate judge for a hearing on the TRO. At the conclusion of the hearing, deputies from the Johnson County Sheriff's Department arrived to arrest plaintiff on telephone harassment charges. Plaintiff was taken to the Johnson County Jail, where she was held until she was released the following evening on bond. She was incarcerated for approximately 36 hours. The telephone harassment charges were eventually dismissed.

The State defendants are listed in Counts IV, V, VI and VII of the complaint. In the "Factual Basis for Jurisdiction," in the complaint, plaintiff notes her claims are against ADAs John Fritz and Michael McElhinney, "in their official positions in Johnson County as Assistant District Attorneys which violated 42 U.S.C. Sec 1982 et. seq. and against John Fritz also outside his official position . . . ." (Doc. 1, at 24.) Her claims against the district attorney defendants involve the following allegations:

- ADA John Fritz colluded with Lola Peck to have plaintiff arrested and jailed;
- ADAs John Fritz and Michael McElhinney failed to properly charge her;
- ADA John Fritz libeled and slandered plaintiff when he filed a document in the telephone harassment case that stated plaintiff was in need of a mental examination;
- ADA John Fritz violated her constitutional rights by waiting until the TRO hearing to have her arrested on the telephone harassment charge;
- ADA John Fritz violated her constitutional rights by having plaintiff handcuffed in open court at the conclusion of the TRO hearing without advising her of the charges against her or giving her an opportunity to appear before a judge to enter a plea or post bond;
- ADA John Fritz filed the telephone harassment charges against her which resulted in her 36-hour incarceration;
- ADA Michael McElhinney wrongfully pursued the charges after plaintiff was released from jail.

Plaintiff seeks monetary damages from the district attorney defendants as well as punitive damages and injunctive relief.

Plaintiff's claims against Johnson County Magistrate Judge Dan Vokins and Johnson County Magistrate Judge James E. Phelan are for their "handling of the Municipal case ultimately dismissed by ADA McElhinney involving [plaintiff] in Johnson County, Kansas." (Doc. 1, at 27.) She claims both judges violated her constitutional rights under "42 U.S.C. 1982 et seq." for the following reasons:

- Judge Vokins did not "call up" her case until almost 24 hours after plaintiff was incarcerated;
- Judge Vokins permitted the jail staff to claim plaintiff was "uncooperative" in her legal file without any stated basis;
- Judge Vokins "arbitrarily" set her bond for $4,000;
- Judge Phelan permitted the case to continue for nine months;
- Judge Phelan unreasonably imposed a "no drinking" bond condition;
- Judge Phelan insulted plaintiff in open court by telling her she was "incompetent";
- Both judges made "sexist" comments to plaintiff.

Plaintiff seeks injunctive relief, requesting both judges be removed from the bench and be admonished for their sexist comments. She also requests monetary damages.

## II.     Legal Standards

The court will grant a 12(b)(6) motion to dismiss only when the factual allegations fail to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Although the factual allegations need not be detailed, the claims must set forth entitlement to relief "through more than labels, conclusions and a formulaic recitation of the elements of a cause of action." *In re Motor Fuel Temperature Sales Practices Litig.*, 534 F. Supp. 2d 1214, 1216 (D. Kan. 2008). The allegations must contain facts sufficient to state a claim that is plausible, rather than merely conceivable. *Id*. "All well-pleaded facts, as distinguished from conclusory allegations, must be taken as true." *Swanson v. Bixler*, 750 F.2d 810, 813 (10th Cir. 1984); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The court construes any reasonable inferences from these facts in favor of the plaintiff. *Tal*, 453 F.3d at 1252.

Where, as here, the plaintiff proceeds pro se, the court construes the pro se filings liberally. *Hall v. Doering*, 997 F. Supp. 1445, 1451 (D. Kan. 1998) (citing *Hughes v. Rowe*, 449 U.S. 5, 9–10 (1980)). On the other hand, a plaintiff's pro se status does not relieve her from complying with this court's procedural requirements. *Barnes v. United States*, 173 F. App'x 695, 697 (10th Cir. 2006) (citations omitted). In considering these pro se filing standards, the court must also acknowledge that plaintiff is a trained attorney and, according to her complaint, has been an attorney for 40 years. The court will take this into consideration when construing the allegations in her complaint.

Defendant also moves to dismiss plaintiff's complaint for lack of subject matter jurisdiction under Rule 12(b)(1). Under the Eleventh Amendment, "an unconsenting State is immune from suits brought in federal courts by her own citizens as well as by citizens of another State." *Edelman v. Jordan*, 415 U.S. 651, 662–63 (1974). A party asserting Eleventh Amendment Immunity may move to dismiss under Rule 12(b)(1) because "Eleventh Amendment Immunity concerns the subject matter jurisdiction of the district court." *Ruiz v. McDonnell*, 299 F.3d 1173, 1180 (10th Cir. 2002).

### III. Analysis

The State defendants move to dismiss the claims against them arguing plaintiff failed to state a claim under Rule 12(b)(6) and that they are entitled to various forms of immunity, including Eleventh Amendment immunity.

Plaintiff has also filed a motion to dismiss defendants ADA Michael McElhinney, and Magistrate Judges Phelan and Vokins without prejudice. The State defendants oppose this motion, arguing they should be dismissed with prejudice.

*a. Constitutional Claims*

Plaintiff's 147-page complaint includes more than 60 pages of facts and eight counts against various defendants. It is not entirely clear from the complaint what causes of action plaintiff is bringing

-4-

against the State defendants. She repeatedly alleges her constitutional rights were violated, and in the "Factual Basis for Jurisdiction" section in the complaint, says her claims are under "42 U.S.C. § 1982 et seq."

The State defendants argue plaintiff has not pleaded any facts that state a claim under 42 U.S.C. § 1982, § 1984, § 1985, § 1986, § 1987, § 1988 or § 1989. The court agrees. The court could, however, liberally interpret plaintiff's allegations as claims under 42 U.S.C. § 1983. The purpose of § 1983 is "to provide a remedy to parties deprived of constitutional rights by a state official's abuse of his position while acting under color of state law." *Haines v. Fisher*, 82 F.3d 1503, 1508 (10th Cir. 1996). Section 1983 imposes liability "for violations of rights protected by the Constitution, not for violations of duties of care arising out of tort law." *Id.* To state a claim under § 1983, a plaintiff must "allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). A defendant has acted under the color of state when he has "exercised power 'possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.'" *Id.* at 49. Like the "state action" requirement of the Fourteenth Amendment, § 1983 claims are only actionable against defendants who act "under the color of state law" because "merely private conduct, no matter how discriminatory or wrongful," is excluded from protection. *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999).

In her response to the State defendants' motion to dismiss, plaintiff denies that any of the defendants were acting under the color of state law.

> argument. Caranchini is alleging the Defendants **DID NOT ACT UNDER COLOR OF LAW** and therefore Caranchini can sue them under 42 U.S.C. 1982 et seq. because they had no protection of the law. Put another way, they never acted **WITHIN THE LAW** as their jobs were defined.

(Doc. 89, at 12.)

> Again, State Defendants' counsel does not understand Caranchini is alleging that at all times the State Defendants were **NOT** acting under color of law. **Therefore, none of the argument made by State Defendants' counsel is relevant, as the lawsuit seeks damages against the State Defendants individually for their actions which were clearly outside their duties as ADA's for the State as well as Judges for the State as set forth below:**

(*Id*. at 13.)

Because plaintiff insists the State defendants were not acting under the color of state law, the court finds she has failed to state a claim under § 1983. A successful § 1983 claim requires that a defendant violated plaintiff's constitutional rights while acting, essentially, as a representative of the state, not as a private individual. Private conduct is not actionable under § 1983. For these reasons, the court finds the claims against the State defendants under § 1983 in both their official and individual capacities fail because plaintiff has not pleaded an essential element of a § 1983 claim.

In addition to finding that plaintiff has failed to state a claim under § 1983, the court also finds that plaintiff has failed to state any claim against any of the State defendants for violations of her constitutional rights. Simply stating there was a "violation of constitutional rights" is not sufficient to state a claim. Constitutional torts are not cognizable under the Federal Tort Claim Act, 28 U.S.C. § 1346. *F.D.I.C. v. Meyer*, 510 U.S. 471, 478 (1994). And constitutional tort claims brought in a *Bivens*

action are for constitutional violations against federal officials, not state actors. *See Pahls v. Thomas*, 718 F.3d 1210, 1225 (10th Cir. 2013) (noting that a *Bivens* action is the "federal analog to a § 1983 suit—which provides a 'private action for damages against federal officers' who violate certain constitutional rights.").

Plaintiff's failure to adequately designate a cause of action for her constitutional claims is enough on its own for this court to find she has failed to state a claim. The obligation to liberally interpret pro se pleadings requires the court "to look beyond a failure to cite proper legal authority, confusion of legal theories, and poor syntax or sentence construction." *Keehner v. Dunn*, 409 F. Supp. 2d 1266, 1270 (D. Kan. 2005). But this does not allow the court to become the advocate for the pro se litigant. *Id.* When a pro se litigant—who here, the court adds, also claims to have 40 years of experience as an attorney—fails to articulate a cause of action in the complaint, the court must liberally interpret the pleadings. And here, the court could reasonably interpret plaintiff's claims of constitutional violations as claims under § 1983. But, again, plaintiff insists that the State defendants did not act under the color of state law, an essential element of a § 1983 claim. The court therefore finds plaintiff has failed to state a claim under Rule 12(b)(6) for violations of her constitutional rights.

Even if plaintiff's claims were properly brought under § 1983, the court also finds grave errors in the pleadings that would require dismissal of the claims against the State defendants. First, any claims against any of the defendants in their official capacities are barred by Eleventh Amendment immunity. Official capacity suits "generally represent only another way of pleading an action against an entity of which an officer is an agent." *Kentucky v. Graham*, 473 U.S. 159, 165 (1985). An official capacity suit is not against the official personally, "for the real party in interest is the entity." *Id*. at 166. Official capacity claims against municipalities brought under § 1983 are permitted under *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978). The Supreme Court's holding in *Monell*, however, was "limited to local

government units which are not considered part of the State for Eleventh Amendment purposes." *Quern v. Jordan*, 440 U.S. 332, 338 (1979). It is well-settled law that § 1983 does not "abrogate the States' Eleventh Amendment Immunity." *Jones v. Courtney*, 466 F. App'x 696, 700 (10th Cir. 2012) (citing *Quern*, 440 U.S. at 338–40). Although state officials "literally are persons," a suit against a state official in his official capacity "is not a suit against the official but rather is a suit against the official's office." *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). Therefore, a suit against a state official in his official capacity "is no different from a suit against the State itself." *Id.*

District Attorneys are agents of the State of Kansas, not the county. *See* K.S.A. § 22a-101(a). And state officials, including district judges, acting in their official capacity are not "persons" who can be sued under § 1983. *See Ellibee v. Fox*, 244 F. App'x. 839, 843 (10th Cir. 2007). Claims under § 1983 for monetary damages against the State defendants, therefore, are barred by Eleventh Amendment immunity. And any official capacity claims against the State defendants for injunctive relief are also unwarranted. The injunctive relief plaintiff seeks is not relief this court is authorized to impose.

Second, both the ADA defendants and the judges are entitled to immunity for any claims against them in their individual capacities. Judges Vokins and Phelan are entitled to absolute judicial immunity. *See Stump v. Sparkman*, 435 U.S. 349, 356 (1978) (finding "judges of courts of superior or general jurisdiction are not liable to civil actions for their judicial acts, even when such acts are in excess of their jurisdiction, and are alleged to have been done maliciously or corruptly."). Judicial immunity applies in cases brought under § 1983. *Id.* A judge is deprived of immunity only when he has acted in the "clear absence of all jurisdiction." *Id.* at 356–57. Plaintiff has not pleaded any facts to show that either defendant acted in the absence of jurisdiction. Therefore, both judges Vokins and Phelan are immune from suit. ADAs Fritz and McElhinney are also entitled to absolute prosecutorial immunity for any

claims related to the initiation and prosecution of plaintiff's criminal case. *See Imbler v. Pachtman*, 424 U.S. 409, 423 (1976).

For these reasons, all claims against the State defendants for constitutional violations are dismissed. Plaintiff has failed to state a claim under § 1983 against any of the defendants in their official or individual capacities. And even if plaintiff had properly pleaded her claims, the State defendants are entitled to Eleventh Amendment immunity and absolute judicial and prosecutorial immunity.

    *b. Libel/Slander Claims*

In Count V, plaintiff brings a claim against ADA John Fritz for libel and slander for allegedly filing a public document in the telephone harassment case that stated plaintiff was in need of a mental examination. She claims that Lola Peck made the statement knowing it was not true, and ADA John Fritz included it in a public document without investigating the truth of the statement. According to plaintiff, ADA John Fritz's inclusion of the false statement was done with "gross negligence" and therefore he is liable for libel and slander.

In Kansas, the tort of defamation includes both libel and slander. *Luttrell v. United Tel. Sys., Inc.*, 683 P.2d 1292, 1293 (Kan. Ct. App. 1984). To succeed in a defamation claim, a plaintiff must show (1) false and defamatory words, (2) communicated to a third person, (3) which result in harm to the reputation of the person defamed. *Id.* As mentioned above, prosecutors have absolute immunity for "activities intimately associated with the judicial phase of the criminal process, that is, for performing the traditional functions of an advocate." *McCormick v. Bd. of Cnty. Comm'rs of Shawnee Cnty.*, 35 P.3d 815, 823 (Kan. 2001). Absolute immunity is afforded to a prosecutor who is "acting as an advocate for the state," but not for a prosecutor's "administrative duties and those investigatory functions that do not relate to an advocate's preparation for the initiation of a prosecution or for judicial proceedings." *Hughes v. Keath*, 328 F. Supp. 2d 1161, 1168 (D. Kan. 2004).

Here, it is not entirely clear what document contained this allegedly defamatory comment. Based on the allegations in the complaint, it seems that Lola Peck wrote that plaintiff needed a "mental examination" in a document that was filed publicly as part of the telephone harassment case. A document filed in a criminal case with potential witness statements is part of the judicial phase of the criminal process, and protected by absolute prosecutorial immunity. ADA John Fritz is therefore immune from plaintiff's defamation claim. The court also questions whether plaintiff has actually pleaded a claim for defamation. A successful defamation claim requires a false and defamatory statement. Plaintiff pleaded in her complaint that she has, in fact, been under the care of a psychiatrist "off and on for various reasons over the years." (Doc. 1, at 73.) This gives rise to doubts as to whether "she needs a mental examination" really is false and defamatory or is harmful to her reputation.

For these reasons, plaintiff's libel and slander claims against ADA John Fritz are dismissed with prejudice.

In conclusion, the court notes that in her response, plaintiff stated that:

Younger attorneys . . . seem to believe that a long "string" of cases is "impressive" to the Court or opposing counsel, or "necessary" to the "briefing." They also seem to believe the "opposition" to their brief should be "strewn" with cases and detailed replies to their cases. None of that is true in my opinion and experience. The best thing defense counsel said in this portion of his brief was at Page 11 the end of the first paragraph: **it should draw(s) on . . . common sense**. We seem to have lost a lot of that among attorneys and also the Courts (Sorry, Your Honor) in the last 40 plus years.

(Doc. 89, at 11.) In reviewing the record and plaintiff's pleadings, it seems plaintiff believes this court should rule using only "common sense." Plaintiff rarely cites case law, and instead demands relief based only on the—often irrelevant—factual allegations she uses to support her unspecified "causes of action." A complaint that survives a motion to dismiss includes clearly stated claims for relief, including the relevant legal standards, and factual allegations to support those claims for relief. And contrary to plaintiff's belief, caselaw is necessary to the briefing.

Plaintiff states that the case is not at the summary judgment stage, and that she should be entitled to more discovery on her claims. But the court will not allow a complaint to move forward when it fails to put the defendants on notice of what claims are being brought against them.

Because plaintiff has failed to state any claims against the State defendants, and because the State defendants are entitled to various immunities, the court finds it is appropriate to dismiss the claims against the State defendants with prejudice. Plaintiff filed a motion to dismiss ADA Michael McElhinney and Judges Vokins and Phelan without prejudice. The court denies plaintiff's request to dismiss these parties without prejudice.

**IT IS THEREFORE ORDERED** that defendants Johnson County District Attorney's Office, Assistant District Attorneys John Fritz and Michael McElhinney, Johnson County Magistrate Judge Dan Vokins, and Johnson County Magistrate Judge James E. Phelan's Motion to Dismiss (Doc. 69) is granted. The claims against these defendants are dismissed with prejudice.

**IT IS FURTHER ORDERED** that plaintiff's Motion to Dismiss Without Prejudice (Doc. 91) is denied.

**IT IS FURTHER ORDERED** that plaintiff's Request for Extension of Time to Reply to State Defendants' Response to Plaintiff's Motion to Dismiss Without Prejudice (Doc. 103) is denied as moot.

Dated October 29, 2018, at Kansas City, Kansas.

                                                   s/ Carlos Murguia
                                                   **CARLOS MURGUIA**
                                                 **United States District Judge**