IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**GWENDOLYN G. CARANCHINI,**

 **Plaintiff,**

 v.

**LOLA PECK, et al.,**

 **Defendants.**

Case No. 18-2249-CM-TJJ

## MEMORANDUM AND ORDER

This matter comes before the court on pro se plaintiff Gwendolyn G. Caranchini's Request That The District Court Review The Magistrate's Rulings That Appeaer [sic] at 108/109/110 (Doc. 112). On October 26, 2018, Magistrate Judge Teresa J. James filed a Memorandum and Order denying plaintiff's Motion to Court to Require Defendants to "Engage" with Plaintiff and Motion to Set Aside Stay of Discovery in this Matter and Motion to Require the Parties to Enter Into a Scheduling Order and Shortened Factual Summary for Court's Information (Doc. 65), granting plaintiff's Withdrawal of Her Motion for Sanctions Pursuant to F. R. Civ. P. 11(b)(1) Against Defense Counsel Linus Baker, Kirk Ridgeway, and Stephen Phillips (Doc. 80), and finding as moot plaintiff's Motion for Sanctions Pursuant to F. R. Civ. P. 11(b)(1) Against Defense Counsel Linus Baker, Kirk Ridgeway, and Stephen Phillips (Doc. 74).

Plaintiff filed her motion effectively objecting to Judge James's order, disagreeing with Judge James's conclusions, and claiming Judge James was biased against her and in favor of defendants.

Pursuant to our local rules, parties must follow Rule 72(a) of the Federal Rules of Civil Procedure when objecting to a magistrate judge's pretrial, non-dispositive order. *See* D. Kan. Rule 72.1.4(a). Under Rule 72(a), a party may file "objections" to the magistrate judge's order within 14 days of being

served with a copy.  The district court must then "consider timely objections and modify or set aside" any part of a magistrate judge's order on a non-dispositive pretrial order that is "clearly erroneous or is contrary to law."  Rule 72(a).  *See also Allen v. Sybase, Inc.*, 468 F.3d 642, 658 (10th Cir. 2006) (finding that a district court must defer to a magistrate judge's ruling on a non-dispositive order unless it was clearly erroneous or contrary to law); *Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1464 (10th Cir. 1988) (noting that under the clearly erroneous standard, unlike de novo review, the magistrate judge is accorded considerable deference).

The court finds plaintiff has failed to articulate why Judge James's order was clearly erroneous or contrary to law beyond her allegation that Judge James is biased against her in favor of defendants.  The court reviewed Judge James's order and does not find it was clearly erroneous or contrary to law.  There is no evidence her decision was motivated by any bias toward any party whatsoever.  Plaintiff also believes it is "ridiculous" that Judge James denied her request to order defense counsel to "engage" with her because she failed to cite any case law.  The court will not order any party to "engage" with any other party without plaintiff citing legal authority for her request, and Judge James was within her discretion to deny plaintiff's motion.

**IT IS THEREFORE ORDERED** that plaintiff's Request That The District Court Review The Magistrate's Rulings That Appeaer [sic] at 108/109/110 (Doc. 112) is denied.

Dated November 2, 2018, at Kansas City, Kansas.

    s/ Carlos Murguia
    **CARLOS MURGUIA**
    **United States District Judge**