**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

GWENDOLYN G. CARANCHINI,

    Plaintiff,

    v.

LOLA PECK, et al.,

    Defendants.

Case No. 18-2249-CM-TJJ

**MEMORANDUM AND ORDER**

On October 16, 2018, Magistrate Judge Teresa J. James entered an order requiring plaintiff Gwendolyn Caranchini to show cause in writing to this court why service of summons and complaint was not made in the case upon defendant Corizon within 90 days from the filing of the complaint and to show good cause as to why the action against Corizon should not be dismissed. On October 24, 2018, plaintiff filed her Reply to the United States Magistrate's (Teresa J. James) Notice and Order to Show Cause Why Defendant Corizon Should Not Be Dismissed Without Prejudice (Doc. 108). Plaintiff claims that the defense attorneys in this case have refused to meet with her or talk on the phone to conduct informal discovery. Because she has been unable to conduct informal discovery, she has not been able to obtain information about Corizon in order to serve them properly. She asks this court to order the Johnson County Jail to produce a representative from Corizon so that she may gather the necessary information to pursue her claims against Corizon.

Under Rule 4(m) of the Federal Rules of Civil Procedure, a plaintiff has 90 days after the complaint is filed to serve a defendant with the summons and complaint. If a defendant is not served within 90 days, the court may dismiss the action without prejudice or order that service be made within

-1-

a specified time. Fed. R. Civ. P. 4(m). If a plaintiff shows good cause for the failure to serve the defendant within 90 days, the court is required to extend the time for service. *Id.*

Under Rule 4(m), the court must first determine whether plaintiff has "shown good cause for the failure to timely effect service." *Smyers v. Cnty. of Atchison, Kan.*, No. 07-2364-CM, 2008 WL 4822062 at * 1 (D. Kan. Nov. 4, 2008) (citing *Espinoza v. United States*, 52 F.3d 838, 841 (10th Cir. 1995)). If the plaintiff fails to show good cause, the court must "still consider whether a permissive extension of time may be warranted." *Id.*

The good cause requirement of Rule 4(m) "should be read narrowly to protect only those plaintiffs who have been meticulous in their efforts to comply with the Rule." *Despain v. Salt Lake Area Metro Gang Unit*, 13 F.3d 1436, 1438 (10th Cir. 1994). Inadvertence, negligence, mistake of counsel, or ignorance of the rules do not usually constitute "'good cause' for failure of timely service." *In re Kirkland*, 86 F.3d 172, 176 (10th Cir. 1996). Avoiding or evading service of process may constitute good cause for an extension of time. *See Hendry v. Schneider*, 116 F.3d 446, 449 (10th Cir. 1997). The inability to locate a defendant who is not hiding or evading service, however, may be insufficient to warrant good cause for an extension. *See Slater v. Cincinnati Ins. Co.*, 165 F.R.D. 100, 101 (D. Kan. 1996). Whether good cause exists is committed to the discretion of the court. *Wyandotte Nation v. City of Kansas City, Kan.*, 200 F. Supp. 2d 1279, 1301 (D. Kan. 2002).

Here, plaintiff claims she has not served Corizon because she has been unable to obtain any information on Corizon. She maintains that the defense attorneys in the case have refused to communicate with her in person or over the phone and have therefore "stonewalled" her attempt at gathering information about Corizon. She does note that she "did research on Corizon before filing suit but was unable to come up with even 'obvious' information regarding Corizon." (Doc. 108, at 3.) Plaintiff does not allege that Corizon is attempting to evade service; rather, it seems plaintiff has not

even attempted to serve anyone at Corizon. Instead she blames defense attorneys for not assisting her in identifying the proper parties to serve. Service of process is the plaintiff's responsibility. Already-served defendants have no duty to assist plaintiff with locating other defendants. Plaintiff has not shown good cause for a mandatory extension of time to serve Corizon under Rule 4(m).

Under Rule 4(m), the court may grant a permissive extension. In deciding whether to grant a permissive extension, the court may consider "whether the defendant would have been prejudiced by an extension, whether it was on notice of the lawsuit, and whether the applicable statute of limitations would bar the refiled action." *Mehus v. Emporia State Univ.*, 295 F. Supp. 2d 1258, 1273 (D. Kan. 2004). The court may decline to grant a permissive extension if it finds the extension would be futile. *See Lee v. Reed*, No. 16-2089-JAR-GLR, 2016 WL 3855527 at * 2 (D. Kan. July 15, 2016).

Plaintiff filed her complaint on May 14, 2018 and has yet to serve Corizon. In her response to the show cause order, plaintiff provides little evidence that she has even attempted to serve Corizon, and instead blames defense counsel for not assisting her in obtaining necessary information. She claims she was "denied the opportunity to get any information on Corizon whatsoever and there is no information available for them." (Doc. 108, at 4.) But after conducting a basic internet search, the court was easily able to locate a website for Corizon, which included contact information and a mailing address. The court is not implying that this internet search reveals all of the necessary information to effectuate valid service of process; the court simply brings attention to this fact to show that plaintiff could have found basic information on Corizon without the assistance of defense counsel.

Almost six months has passed since the complaint was filed, and there is no evidence Corizon has ever been on notice of this litigation. And plaintiff has not shown she has even attempted to serve Corizon. For these reasons, the court finds dismissal without prejudice is warranted rather than a permissive extension.

**IT IS THEREFORE ORDERED** that defendant Corizon is dismissed from the action without prejudice.

Dated November 2, 2018, at Kansas City, Kansas.

                                          s/ Carlos Murguia
                                          **CARLOS MURGUIA**
                                          **United States District Judge**