# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

GWENDOLYN G. CARANCHINI,

    Plaintiff,

v.

LOLA PECK, et al.,

    Defendants.

Case No. 18-2249-CM-TJJ

## MEMORANDUM AND ORDER

This matter is before the Court on pro se Plaintiff Gwen Caranchini's Motion Requesting the Court to Enter an Order Barring Defendants and their Counsel from Making Reference in their Filings to this Court to Caranchini's Past History of Sanctions (ECF No. 85). For the reasons set forth below, the Court denies the motion.

### I. Relevant Background

Plaintiff filed the pending motion on October 6, 2018. Defendants Rick and Lola Peck ("the Pecks") filed a response on October 7, 2018 (ECF No. 86). Defendants Johnson County, Kansas District Attorney's Office, Johnson County Assistant District Attorneys John Fritz and Michael McElhinney, and Johnson County Magistrate Judges Dan Vokins and James E. Phelan ("the State Defendants") filed a response on October 8, 2018 (ECF No. 87).[1]

On October 21, 2018, Plaintiff filed a motion for extension of time to reply to her motion (ECF No. 100). She requested an extension to October 26, 2018. Before the Court entered a ruling on her request, Plaintiff filed another motion for extension of time to reply on October 22,

---

[1] On October 29, 2018, the Court granted the State Defendants' Motion to Dismiss (ECF No. 69), thus dismissing the State Defendants as parties to this action.

2018 (ECF No. 107). This time, Plaintiff requested an extension to November 12, 2018.[2] On October 26, 2018, the original date to which Plaintiff requested her extension, the Court granted in part and denied in part Plaintiff's request, giving her until October 29, 2018 to reply (ECF No. 109). Plaintiff failed to file a reply.[3]

## II. Analysis

Plaintiff asks the Court to order Defendants and their counsel "to 'cease and desist' making further reference to Caranchini's disbarment" for the remainder of this case.[4] Plaintiff admits she was disbarred by the State of Missouri in November 1996. She also admits to being disbarred in the United States District Court for the Western District of Missouri, the United States District Court for the District of Kansas, the Eighth Circuit Court of Appeals, the United States Supreme Court, and possibly the Tenth Circuit Court of Appeals. Since her disbarment, Plaintiff has continued to appear before the Merit Systems Protection Board and Equal Employment Opportunity Commission.

Plaintiff believes defense counsel continue to raise her disbarment and past sanctions as a "distraction" intended to keep the Court from considering the merits of Plaintiff's case.[5] She requests an order "informing all defense counsel that they are to cease and desist IMMEDIATELY making reference to any prior sanctions entered against Caranchini" and

---

[2] In both motions, Plaintiff requests an extension to reply to the State Defendants' response and makes no mention of the Pecks' response.

[3] Plaintiff filed a motion for the District Judge to review the undersigned's ruling in ECF No. 109 (ECF No. 112). The District Judge denied Plaintiff's motion (ECF No. 115).

[4] ECF No. 85 at 1–2.

[5] *Id.* at 4.

potentially impose monetary sanctions against them "for intentionally harming Caranchini" because her disbarment and past sanctions are not relevant to this case.[6]

The Pecks oppose Plaintiff's motion. They argue Plaintiff has cited no authority for her request, and that Plaintiff has continued to bring up her disbarment and past sanctions herself. Further, they argue that the basis for Plaintiff's disbarment is relevant, because it shows her inability "to conform to the rules of civil procedure."[7] They also say the motion seeks the same relief cited in her Motion for Sanctions,[8] which the Court allowed her to withdraw for failure to comply with Fed. R. Civ. P. 11.[9] Finally, they renew their request for filing restrictions.

The State Defendants also oppose Plaintiff's motion. They also argue that Plaintiff's previous conduct is relevant because it is reoccurring in this case, and that Plaintiff already raised this issue in her now-withdrawn Motion for Sanctions. They incorporate by reference their response to that motion.[10] They argue Plaintiff has a history of dishonesty, and that she has been dishonest in this case. Further, they say she has a history of "erratic and bad behavior in court," which is also still relevant today.[11] They also attach several emails sent to defense counsel by Plaintiff as exhibits.[12]

The Court finds Plaintiff has failed to cite any authority for her request. As defense counsel point out, Plaintiff's disbarment and cases in which she was sanctioned are public

---

[6] *Id.* at 5.
[7] ECF No. 86 at 3.
[8] ECF No. 74.
[9] *See* ECF No. 110.
[10] ECF No. 77.
[11] *Id.* at 3.
[12] ECF 87-1.

documents.[13] The Court also notes that Plaintiff herself has discussed her disbarment and past sanctions at length in several filings.[14] Because Plaintiff's disbarment and sanctions are public record, and because Plaintiff does not cite authority to support her request, the motion is denied.

The Court also denies the Pecks' renewed request for filing restrictions at this time. Should the Pecks believe filing restrictions are appropriate in the future, they may file another motion.

The Court reminds all counsel that it expects counsel to conduct themselves in accordance with the Pillars of Professionalism adopted by and available on the District of Kansas website. The Court strongly encourages all parties and counsel to focus on the issues in this case and to avoid personal attacks on each other.

**IT IS THEREFORE ORDERED BY THE COURT** that Gwen Caranchini's Motion Requesting the Court to Enter an Order Barring Defendants and their Counsel from Making Reference in their Filings to this Court to Caranchini's Past History of Sanctions (ECF No. 85) is denied.

**IT IS SO ORDERED.**

Dated November 7, 2018, at Kansas City, Kansas.

Teresa J. James
U. S. Magistrate Judge

---

[13] *See Berg v. Frobish*, No. 12-1123-KHV-KGG, 2012 WL 3112003, at *3 (D. Kan. July 31, 2012) ("Given the fact that Plaintiff's disbarment—and the circumstances surrounding it—are matters of public record, however, the Court does not find that the inclusion of this information in Defendants' counterclaims to be unfairly prejudicial. In addition, the Court cannot say the allegations 'have no possible relation to the controversy.'").

[14] *See, e.g.*, ECF No. 1 at 4 ("[Caranchini] is a single woman who was admitted to practice law in 1978 and practiced in multiple jurisdictions until 2000 at which time she was disbarred in all jurisdictions . . ."); ECF No. 20 at 2 ("After her disbarment, she continued to do research and drafting of documents . . ."); ECF No. 40 at 11 ("In the entire time that the undersigned practiced in federal courts until her disbarment was "effective" in 2000 . . ."); ECF No. 72 at 3 ("In point of fact numerous attorneys have asked the undersigned to write for them over the years since my disbarment, and most recently I have written on the 'foreclosure crisis issues' around the country.").