**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

GWENDOLYN G. CARANCHINI,

    **Plaintiff,**

    v.

LOLA PECK, et al.,

    **Defendants.**

Case No. 18-2249-CM-TJJ

## MEMORANDUM AND ORDER

This matter is before the court on defendants Johnson County District Attorney's Office, Assistant District Attorneys ("ADA") John Fritz and Michael McElhinney, Johnson County Magistrate Judge Dan Vokins, and Johnson County Magistrate Judge James E. Phelan's (collectively the "State defendants") Motion for Filing Restrictions (Doc. 97). All claims against the State defendants were dismissed on October 29, 2018. (Doc. 111.) The State defendants, however, seek filing restrictions against pro se plaintiff Gwendolyn G. Caranchini. Specifically, the State defendants request the court impose certain procedures that plaintiff must follow before she is allowed to file any future lawsuits against any "courts, judges, prosecutors, or prosecutors' offices for the State of Kansas, or any officer or employee thereof, or against the Kansas Attorney General's office, or any officer or employee thereof . . . ." (Doc. 98, at 5.) The State defendants ask that the court require that plaintiff be represented by licensed counsel who certifies that the complaint states a cause of action and meets the pleading requirements of the Federal Rules of Civil Procedures before it is filed. Or, if plaintiff seeks to proceed pro se, the State defendants request the court impose the following restrictions:

1. Plaintiff must demonstrate by an affidavit to the court that the action is commenced in good faith and is not malicious or otherwise without arguable merit,
2. The proposed complaint must be certified as provided by Rule 11 of the Federal Rules of Civil Procedure,

-1-

3. The proposed complaint must include a list of every previous action which plaintiff has filed in Federal or State court, and must provide the names of all parties in such actions, as well as the docket numbers, and must disclose the status of the prior lawsuits, their outcome, and any appeals and their outcome,
4. Plaintiff must provide a list apprising the court of all outstanding injunctions or orders limiting her access to any State or Federal court,
5. Plaintiff must submit a notarized affidavit with the proposed complaint in which plaintiff must state the issues she seeks to present in the new lawsuit including a short discussion of the legal bases and legal challenges being presented. The affidavit must certify that the legal arguments are not frivolous or made in bad faith,
6. Upon receipt of the proposed complaint and affidavit, the Clerk of the Court will submit both to the Chief Judge for a pre-filing review. The Chief Judge can then determine whether the case states a cause of action, appears to have been commenced in good faith, and is not malicious or without arguable merit.

The State defendants seek these filing restrictions, arguing that plaintiff has abused her right of access to the courts by filing a meritless complaint and frivolous motions, and because of her conduct with other attorneys in the case. The State defendants claim that between October 27, 2017 and October 17, 2018, plaintiff sent defense counsel 668 emails. Some of these emails were attached to the motion. The court agrees with counsel's representation of plaintiff's correspondence—the emails are difficult to understand and are filled with hostile rants.

"The right of access to the courts is neither absolute nor unconditional and there is no constitutional right of access to the courts to prosecute an action that is frivolous or malicious." *Sieverding v. Colo. Bar Ass'n*, 469 F.3d 1340, 1344 (10th Cir. 2006). The court has the inherent power to impose filing restrictions "if they respond to 'lengthy and abusive' litigation history." *Greenlee v. U.S. Postal Serv.*, No. 06-2167-CM, 2007 WL 141016, at * 6 (D. Kan. Jan. 17, 2007) (citing *Guttman v. Wildman*, 188 F. App'x 691, 698 (10th Cir. 2006)). In *Greenlee*, this court imposed filing restrictions similar to those requested in the present motion. In *Greenlee*, however, the plaintiff had a lengthy history of filing lawsuits against his former employer, including one dismissed as "fanciful and delusional." *Id.* at *5. District Judge John W. Lungstrum declined the opportunity to impose filing restrictions, but warned the plaintiff that filing restrictions would be appropriate if "plaintiff files yet another case with

similar unintelligible and delusional allegations . . . ." *Id.* at *6. This court then found that the plaintiff's claims in his new lawsuit were identical to the prior case, and that his claims had become "overlapping in addition to 'delusional,'" which warranted filing restrictions. *Id.*

Here, the court understands defendants' concerns and frustrations. Plaintiff filed a 147-page complaint lacking any coherent or actionable legal claims. Her responses and motions have been filled with hostility toward the parties and the attorneys, and unnecessarily summarize the details of her failed relationship. But plaintiff has not demonstrated a lengthy and abusive litigation history. She first filed the present case in the Western District of Missouri. That case was dismissed for lack of personal jurisdiction. Plaintiff then filed the matter in the District of Kansas. Although the case has been frustrating for all parties involved, it does not rise to a level that would require such harsh sanctions at this time. Plaintiff, however, is forewarned that should she continue to file cases against the parties involved in this matter, filing restrictions may be warranted in the future.

**IT IS THEREFORE ORDERED** that defendants' Motion for Filing Restrictions (Doc. 97) is denied.

Dated December 10, 2018, at Kansas City, Kansas.

                                                                                   s/ Carlos Murguia
                                                                                   **CARLOS MURGUIA**
                                                                                   **United States District Judge**