# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

GWENDOLYN G. CARANCHINI,

    **Plaintiff,**

    v.

LOLA PECK, et al.,

    **Defendants.**

Case No. 18-2249-CM-TJJ

## MEMORANDUM AND ORDER

This matter is before the court on defendant Lola Peck's Motion to Dismiss (Doc. 122) and pro se plaintiff Gwendolyn G. Caranchini's Motion to Require Linus Baker to Advise Rick Peck of the Court's Recent Filing and to Sanction Linus Baker for Failing to Provide Said Court Filing to Rick Peck Immediately Upon its Entry (Doc. 123).

The court recently granted in part defendants Rick and Lola Peck's Motion to Strike, striking three of the claims against defendants. (Doc. 121). Only Counts III and IV remain in the case, and both counts involve only Lola Peck.

Addressing plaintiff's motion first, plaintiff asks the court to order defendants' counsel to provide defendant Rick Peck a copy of the court's recent order striking the claims against him, and requests a court order advising Rick Peck that he may contact plaintiff. The court's role is neither to act as an intermediary between plaintiff and defendants, nor to resolve these parties' private domestic relationship matters. Plaintiff's motion is a frivolous and unsupported attempt to have the court order contact with Rick Peck. The court's order (Doc. 121) is a publicly filed document, and Rick Peck may access it without court intervention.

This litigation has been pending since May 2018. Due to the numerous filings, the court is quite familiar with the circumstances surrounding this case. The court is not persuaded by defendants' responses to plaintiff's filings, and does not condone plaintiff and defense counsel continuing to berate one another in pleadings. These back-and-forth insults are not constructive and are contrary to the Pillars of Professionalism. And this court is not the first to remind counsel of the importance of professionalism. Magistrate Judge Teresa J. James recently noted, "[t]he Court reminds all counsel that it expects counsel to conduct themselves in accordance with the Pillars of Professionalism adopted by and available on the District of Kansas website. The Court strongly encourages all parties and counsel to focus on the issues in this case and to avoid personal attacks on each other." (Doc. 117, at 4.)

Plaintiff's motion is denied. It is improper for plaintiff to use the court as a means to resolve issues related to the end of her alleged romantic relationship with Rick Peck, particularly when she has not pleaded any plausible legal theories that entitle her to any relief. And it is unprofessional for defendants to further provoke plaintiff by filing inflammatory pleadings and responses.

As for defendant's motion to dismiss, defendant moved to dismiss the remaining claims against her for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure. Counts III and IV still remain in the case; Count III is for "harassment and threat of bodily harm" and in Count IV, plaintiff claims defendant engaged in a conspiracy to incarcerate her.

Under Rule 12(b)(6), a court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Rule 8(a)(2) states that a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." To withstand a motion to dismiss under 12(b)(6), a complaint must contain "enough allegations of fact, taken as true, 'to state a claim to relief that is plausible on its face.'" *Khalik v. United Air Lines*, 671 F.3d 1188, 1190 (10th Cir. 2012) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007)). A claim is plausible when "the pleaded factual content

allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009). When the complaint contains well-pleaded factual allegations, a court should "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.*

A court must liberally construe a pro se complaint and apply "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). However, when a trained attorney proceeds pro se, "he is not entitled to have his filings liberally construed. . . ." *McNamara v. Brauchler*, 570 F. App'x 741, 743 (10th Cir. 2014).

In Count III, plaintiff claims defendant is liable for "harassment and threat of bodily harm." She alleges that that defendant physically threatened her and harassed her by driving up and down her street, by following her on the highway and to her doctor's office, by placing a condom on her car, by leaving beer bottles in her back yard, and by vandalizing her car. She claims that Rick Peck told her he was afraid for her safety because he believed Lola Peck wanted to harm her. Plaintiff believes Rick Peck was telling the truth because he "[does] not exaggerate." (Doc. 1, at 90.)

Plaintiff does not plead a recognized cause of action or identify what law or common law torts entitle her to relief. Plaintiff simply included paragraphs of factual allegations and claimed defendant was liable for harassment or threat of bodily harm. "It is not the role of either the court or the defendant to sort through a lengthy, poorly drafted complaint and voluminous exhibits in order to construct plaintiff's causes of action." *McNamara*, 570 F. App'x at 743.

"Harassment" and "threat of bodily harm" are not torts recognized under Kansas law. Assault under Kansas law is defined as "an intentional threat or attempt, coupled with apparent ability, to do bodily harm to another, resulting in immediate apprehension of bodily harm." *Baska v. Scherzer*, 156 P.3d 617, 622 (Kan. 2007). Words alone generally cannot be an assault; however, words can constitute

assault if "together with other acts or circumstances they put the other in reasonable apprehension of imminent or offensive contact with his person." *Vetter v. Morgan*, 913 P.2d 1200, 1203–04 (Kan. Ct. App. 1995). Even if the court were to interpret plaintiff's claim as one for assault, plaintiff has not pleaded any facts to show she was ever in immediate apprehension of bodily harm. The court finds plaintiff has failed to state a claim under Rule 12(b)(6) and dismisses Count III.

In Count IV, plaintiff alleges that Lola Peck and ADA John Fritz committed conspiracy to incarcerate her. She claims Fritz told Lola Peck he could arrange to have plaintiff arrested and not given the right to post bond, and that Lola Peck, with the assistance of Fritz, ensured plaintiff's time in jail was a "nightmare," and that Lola Peck paid money to Fritz to ensure plaintiff was arrested after the TRO hearing and incarcerated. The court struck any allegations in this count related to any communication between Lola Peck and ADA John Fritz as protected by K.S.A. § 60-5320. (Doc. 121.) The only remaining allegation in Count IV is plaintiff's claim that Lola Peck paid money to ADA John Fritz to ensure plaintiff was arrested. ADA John Fritz has already been dismissed from this case. (Doc. 111.)

Conspiracy is not a civil tort under Kansas law. And the court is unable to decipher how plaintiff's factual allegations are actionable. Even if plaintiff did list a recognized cause of action, her speculative factual allegations do not rise to the level of "plausible" to survive a motion to dismiss. Plaintiff has no factual support for her accusation that Lola Peck paid ADA John Fritz. Count IV is therefore dismissed.

The court would caution plaintiff that in the future she should consider exercising restraint in regard to the amount of personal, private information she shares in publicly filed pleadings with the court. The court does not need more information than necessary to make its decisions, and sharing private, unnecessary details about one's romantic life is unprofessional and unhelpful.

The remaining counts of the complaint are dismissed for failure to state a claim under Rule 12(b)(6). All defendants are now dismissed from this action. The court notes that defendants Rick and Lola Peck have requested fees or sanctions as provided by K.S.A. § 60-5320 in both their Motion to Strike (Doc. 3) and in their Response to Plaintiff's Motion Doc 123 and Request for Kansas Anti-SLAPP Relief (Doc. 124). They are directed to file a motion at this time detailing their request for fees and/or sanctions.

**IT IS THEREFORE ORDERED** that plaintiff's Motion to Require Linus Baker to Advise Rick Peck of the Court's Recent Filing and to Sanction Linus Baker for Failing to Provide Said Court Filing to Rick Peck Immediately Upon its Entry (Doc. 123) is denied.

**IT IS FURTHER ORDERED** that defendant's Motion to Dismiss (Doc. 122) is granted. This case is closed. The clerk of the court is directed to enter judgment in favor of defendants and against plaintiff. Defendants Rick and Lola Peck are instructed to file any motions for fees and sanctions under K.S.A. § 60-5320 at this time.

**IT IS FURTHER ORDERED** that plaintiff's Motions to Produce Jail Records (Docs. 27 & 35) are dismissed as moot.

Dated December 10, 2018, at Kansas City, Kansas.

s/ Carlos Murguia
**CARLOS MURGUIA**
**United States District Judge**