# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

GWENDOLYN G. CARANCHINI,

    Plaintiff,

    v.

LOLA PECK, et al.,

    Defendants.

Case No. 18-2249-CM-TJJ

## MEMORANDUM AND ORDER

    This matter comes before the court on pro se plaintiff Gwendolyn G. Caranchini's Motion to Recuse The Honorable Judge Carlos Murguia From Any and All Cases the Undersigned Has Before Him, Currently or in the Future (Doc. 143). Plaintiff filed this motion in response to this court's order granting defendants Rick and Lola Peck attorney fees and sanctions under the Kansas Public Speech Protection Act, K.S.A. § 60-5320 (Doc. 136). In its order, this court granted in part defendants' motion for attorney fees and imposed filing restrictions on plaintiff as a sanction under the statute. The court gave plaintiff ten days to file written objections to the court's proposed filing restrictions. Plaintiff filed both the motion to recuse, and a response detailing her objections to the filing restrictions (Doc. 144).

    In her motion to recuse, plaintiff accuses this court of bias and prejudice against her for various reasons related to the litigation. She claims the court has gone "out of its way" to enter judgment against her because, she believes, the court is punishing her for pursuing claims against her former boyfriend and his wife.

    A trial judge has the duty to recuse himself "when there is the appearance of bias, regardless of or whether there is actual bias." *Bryce v. Episcopal Church in the Diocese of Colo.*, 389 F.3d 648, 659 (10th Cir. 2002). A judge, however, also has "as strong a duty to sit when there is no legitimate reason

to recuse as he does to recuse when the law and facts require." *Id.* Further, 18 U.S.C. § 455 should not be interpreted so broadly "as to become presumptive or to require recusal based on unsubstantiated suggestions of personal bias or prejudice." *Id.* at 659–60.

Here, the court finds that plaintiff's stated reasons for this court to recuse from this case and future cases filed by plaintiff are unsubstantiated suggestions of personal bias or prejudice. The fact that the court has ruled against plaintiff does not support an accusation of bias or prejudice. Plaintiff has not established any valid or substantiated reason why this court should recuse itself.

Further, after reviewing plaintiff's objections, the court believes that the proposed filing restrictions should be imposed. In her response, plaintiff argues that: (1) she has never been accused of the "questionable conduct" this court set forth in its order, (2) complaints against her have never been raised by the presiding judge, (3) the only complaints a judge has made against her were from Judge Bartlett, who is now deceased, and Judge Whipple, who is a senior judge in the Western District of Missouri; and no other court joined in these judges' complaints against her, (4) no defendant has ever made any allegations against her, (5) there is no basis in the rules or in case law to support the imposition of filing restrictions, (6) this court never asked for a meeting with plaintiff and defendant regarding these issues, which is a denial of due process, (7) it is clear that this court does not want plaintiff to proceed against any of the parties in this litigation, and (8) no court has ever found her guilty of the conduct set forth in the court's order.

To summarize its prior order, this court granted in part defendants' motion to strike under the Kansas Public Speech Protection Act, K.S.A. § 60-5320 (Doc. 121). Under K.S.A. § 60-5320(g), a prevailing party may recover attorney fees and sanctions. Defendants moved for attorney fees and sanctions, and the court granted their motion in part. (Doc. 136.) Importantly, this court declined to award defendants additional sanctions, finding that harsh monetary sanctions in this particular case under

-2-

these specific facts were not necessary because plaintiff did not file the traditional SLAPP case that K.S.A. § 60-5320 was intended to protect against. Instead of imposing monetary sanctions, this court proposed filing restrictions to account for "plaintiff's lengthy and abusive litigation history, and her disregard of this court's warning in its order denying filing restrictions." (Doc. 136, at 14.) The court reminds plaintiff that other defendants in this litigation filed a motion for filing restrictions similar to those now proposed by the court. In its order denying the request, the court found that filing restrictions were not warranted because plaintiff had not yet demonstrated a "lengthy and abusive litigation history." (Doc. 128, at 3.) The court, however, warned plaintiff that "should she continue to file cases against the parties involved in this matter, filing restrictions may be warranted in the future." (*Id.*) Since that order, plaintiff has filed another case in the District of Kansas against Sheriff Hayden under identical facts to this case (*see* 19-2067-CM-JPO) and another case in the Western District of Missouri against Rick and Lola Peck under the same allegations (*see* 19-cv-00030-DGK). The court believes that based on this conduct, filing restrictions are appropriate at this time. Plaintiff's objections are largely based on her own opinions about how the case should have been resolved, or on assertions that are contradicted by fact.

**IT IS THEREFORE ORDERED** that plaintiff's Motion to Recuse The Honorable Judge Carlos Murguia From Any and All Cases the Undersigned Has Before Him, Currently or in the Future (Doc. 143) is denied.

**IT IS FURTHER ORDERED** that plaintiff's Response to This Court's Order of September 3, 2019 (Doc. 144) is overruled.

**IT IS FURTHER ORDERED** that the proposed filing restrictions and procedures set out in Appendix A of the court's Memorandum and Order (Doc. 136) filed September 3, 2019 are effective as

of October 1, 2019, with the limited exception that these filing restrictions shall not in any way affect plaintiff's ability to proceed with any appeal of this case to the Tenth Circuit Court of Appeals.

Dated September 30, 2019, at Kansas City, Kansas.

s/ Carlos Murguia
**CARLOS MURGUIA**
**United States District Judge**