IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| GWENDOLYN G. CARANCHINI, | |
| Plaintiff, | |
| v. | Case No. 18-2249-CM-TJJ |
| LOLA PECK, et al., | |
| Defendants. | |

ORDER ON DEFENDANTS' MOTION TO
SUBSTITUTE AND NOTICE OF NONCOMPLIANCE

This matter comes before the Court on the Motion to Substitute and Notice of Noncompliance with Court's Order to Produce Bank Records filed by Defendants Rick and Lola Peck ("Defendants") (ECF No. 192). The Motion combines two requests for relief – issuance of a show cause order for Plaintiff's failure to produce bank records and an order substituting Defendants' counsel for his clients. For the reasons discussed below, the Court will grant the former request and deny the latter, without prejudice.

I.   Request for Show Cause Order

During a hearing in aid of execution on March 1, 2021, Plaintiff agreed to obtain and produce to Defendants' counsel, by March 5, 2021, the bank statements for her two bank accounts for the past six months. The Court ordered Plaintiff to do so (ECF No. 185) ("Order"). In the Motion, Defendants provide their Notice to the Court that Plaintiff failed to comply with the Court's Order. Defendants state that as of the filing of the Motion on March 12, 2021, Plaintiff still had not produced the required bank statements.

Plaintiff has not responded to the Notice or attempted to dispute her apparent failure to produce bank records in compliance with the Court's Order. There is no indication Plaintiff has complied with the Order even as of this date. Accordingly, the Court will grant Defendants' Motion insofar as it requests that the Court enter a show cause order as to why Plaintiff should not be held in contempt for failure to comply with the Order. A separate Show Cause Order will be issued forthwith.

II.     Request for Substitution

The Motion asserts that Defendants have assigned all their interest in the judgment and attorney fees awarded in this matter to their attorney, Linus L. Baker ("Defense counsel"). On March 4, 2021, the Assignment of Judgments ("Assignment") which is the basis for the request for substitution was filed with the Court (ECF No. 189). In pertinent part, the Assignment states that Defendants:

> in consideration of the work performed by the attorney and attorney fees owed to him and other valuable consideration both do individually and jointly grant, bargain, sell, assign, transfer and set over unto Linus L. Baker, his successors and assigns, forever all of their respective rights, individually and jointly, to the judgment dated 12/10/18 (ECF 130) and including the attorney fee judgment dated 09/03/19 (ECF 136) in 2:18-cv-02249 . . . .

The Assignment appears to bear the individual signatures of Rick Peck and Lola Peck, followed by the statement, "The above is stated as true under penalty of law pursuant to K.S.A. 53-601. Date: March 4, 2021." After this statement, it appears that the Rick Peck and Lola Peck signed again.

Defendants cite Fed. R. Civ. P. 25(c) in support of the request for substitution. Rule 25(c) provides: "If an interest is transferred, the action may be continued by or against the original

party unless the court, on motion, orders the transferee to be substituted in the action or joined with the original party. The motion must be served as provided in Rule 25(a)(3)."[1]

Defense counsel requests to be substituted for Defendants rather than joined with them in this action. As Defendants acknowledge in the Motion, the decision of whether to allow substitution of a successor in interest lies within the sound discretion of the Court. *Prop-Jets, Inc. v. Chandler*, 575 F.2d 1322, 1324 (10th Cir. 1978). Because Defendants and, in this situation, Defense counsel seek the Court's assistance in enforcing their attorney's fees award, the Court takes its role here very seriously.

The Assignment at issue is purportedly signed by each of the Defendants twice on a single sheet of paper, the second set of signatures in the nature of a Declaration, under penalty of law pursuant to K.S.A. § 53-601. To the Court's untrained eye, the handwriting in the signatures of Rick Peck and of Lola Peck on the Assignment appears very similar. This causes the Court to question whether Rick and Lola each did place their signature on the Assignment, which calls into question the validity of the Assignment.[2]

The Court denies the request for substitution without prejudice to its refiling within ten days of the date of this order and under the following conditions. Any renewed motion for substitution of parties shall be accompanied by a sworn statement (such as an affidavit) from each assignor. Each sworn statement shall include a verification that the respective assignor personally signed the Assignment on March 4, 2021. The Court is imposing this condition

---

[1] Rule 25(a)(3) requires that the motion to substitute, along with a notice of hearing, be served on the parties. The Court ordered Defense counsel to provide proof of service of the Motion on Defendants, and noted that the Court would subsequently determine whether a hearing on the Motion would be necessary (ECF No. 193). Defense counsel subsequently served Defendants and filed the required Certificate of Service (ECF No. 194).

[2] Although Plaintiff did not file a response to the Motion, she has in other filings argued that Rick Peck's signature has been falsely represented on unspecified filings in this case.

because the Assignment provides the evidentiary support for the transfer of interest asserted in the request for substitution pursuant to Fed. R. Civ. P. 25(c). If Defense counsel does not file a renewed motion for substitution of parties, within ten days of the date of this order Defense counsel shall file a status report stating whether the Assignment no longer provides evidentiary support for the Motion.

**IT IS THEREFORE ORDERED BY THE COURT** that Motion to Substitute and Notice of Noncompliance with Court's Order to Produce Bank Records (ECF No. 192) is granted in part and denied in part. The Court will issue an Order to Show Cause to Plaintiff, but denies without prejudice counsel's request to substitute himself as a party in this case.

Dated this 26th day of March, 2021, in Kansas City, Kansas.

*Teresa J. James*
Teresa J. James
U.S. Magistrate Judge