IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| GWENDOLYN G. CARANCHINI,<br><br>    Plaintiff,<br><br>    v.<br><br>LOLA PECK, et al.,<br><br>    Defendants. | Case No. 18-2249-CM-TJJ |

# ORDER

The Court entered judgment in favor of Defendants Rick Peck and Lola Peck ("Defendants"), dismissing Plaintiff's claims against them in this case, on December 10, 2018. Subsequently, on September 3, 2019, the Court entered an order granting Defendants their attorney's fees under the Kansas Public Speech Protection Act, K.S.A. § 60-5320 ("Order"). The case is closed, but Defendants have initiated efforts to collect their attorney's fees award. Now pending before the Court is Plaintiff's Motion to Stay Case (ECF No. 195) ("Motion"), including two supplements to the Motion (Docs. 198 and 199) ("Supplements"). The Court has reviewed the Motion, Supplements, and Defendants' Opposition thereto (ECF No. 196) and is prepared to rule.

This is not the first time Plaintiff has moved to stay this case. Following issuance of the Order, Plaintiff – proceeding pro se[1] – appealed the Order to the Tenth Circuit. Even before filing her Notice of Appeal, Plaintiff filed a motion to stay the case (ECF No. 151).[2] On March 3, 2020, the Tenth Circuit issued its mandate dismissing Plaintiff's appeal for lack of prosecution

---

[1] Because Plaintiff proceeds pro se, the Court liberally construes her pleadings and holds them to a less stringent standard than formal pleadings drafted by lawyers. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). But the Court does not assume the role of advocate. *Id.*

[2] United States District Judge Holly L. Teeter denied the motion on March 11, 2020 (ECF No. 167).

(ECF No. 166). After that, Plaintiff filed another motion to stay the case (ECF No. 180) and an objection essentially requesting that the District Judge reconsider the denial of that motion (ECF No. 186), both of which were denied (Docs. 185 and 188).

In the pending Motion, Plaintiff again seeks to stay this case. Recognizing Plaintiff's pro se status, the Court has studied the Motion and Supplements and done its best to discern the arguments Plaintiff is attempting to make. That task has been difficult because the Motion contains considerable irrelevant and redundant material.

Plaintiff argues the case should be stayed for medical reasons. The Motion and Supplements indicate Plaintiff has serious memory issues, she is in significant pain, has trouble sleeping, is under terrible stress from this case and other financial problems, she may need surgery(ies) at some point, and her many medical problems require her to take multiple prescriptions and to see at least seven doctors and a psychiatrist on a regular basis.

Needless to say, Plaintiff has raised her health issues in prior motions filed in this case.[3] On March 1, 2021, the undersigned presided over a hearing in aid of execution in this case, in which Plaintiff agreed to and did answer at length many questions about her assets and financial condition. During the hearing, the Court also took up Plaintiff's then-pending motion for stay (ECF No. 180). In that motion, Plaintiff raised many of the same health issues she raises in the current Motion. The Court had the opportunity to engage with Plaintiff and to hear her responses and objections to questions posed by Defense counsel. The Court denied the stay request, finding Plaintiff had been able to participate in the hearing in aid of execution and to present her arguments, and had made multiple filings since and despite the onset of her alleged health

---

[3] *See* Docs. 170, 173, 180, 186.

symptoms (ECF No. 185). District Judge Teeter subsequently overruled Plaintiff's objection to the order denying the motion for stay (ECF No. 188).

In the Motion, Plaintiff acknowledges that many of her doctors she has seen for more than five years and "… the majority of [her medical] information is totally irrelevant to this case."[4] The Court agrees. Additionally, the Motion is mostly repetitive of Plaintiff's previous filings. The Court has previously considered Plaintiff's health issues and determined that they did not warrant a stay of this case. While Plaintiff has provided some additional details regarding her many maladies (and the Court regrets that she is dealing with a lengthy list of health concerns), nothing presented by Plaintiff in the Motion or Supplements alters the Court's observations during the March 1 hearing or justifies a departure from the prior orders denying Plaintiff's requests to stay the case. Moreover, since the March 1 hearing, Plaintiff has persisted with her frequent filings and continues to demonstrate her ability to represent herself in this case.

Furthermore, the Court has granted Plaintiff lengthy extensions in order to allow her to respond to Defendants' discovery requests while dealing with her health concerns. Plaintiff was ordered to serve answers to Defendants' discovery requests by November 30, 2020 (ECF No. 169). At Plaintiff's request, the Court extended her deadline to comply until February 22, 2021, noting that would be the last extension (ECF No. 177), and setting the March 1, 2021 hearing in aid of execution. Plaintiff failed to comply with the February 22 deadline but, at the Court's urging during the March 1 hearing in aid of execution, agreed to obtain and produce to Defense counsel by March 5, 2021, the bank statements for her two bank accounts for the past six months.[5] Also at the Court's urging Defense counsel agreed to re-serve Plaintiff with the

---

[4] ECF No. 195 at 6.
[5] Defendants have advised the Court that, despite her agreement to do so, Plaintiff failed to comply with this March 5 deadline (ECF No. 192). Plaintiff has not disputed this and there is no indication that Plaintiff has served her responses to the discovery requests at issue even as of the date of this order.

discovery requests at issue and to limit them to the prior two years. The parties then agreed and the Court ordered that Plaintiff must serve her responses to the re-served discovery requests and all responsive documents by June 1, 2021, adding that this was "<u>a final deadline that [would] not be extended</u>." Thus, Plaintiff has basically been given a six-month extension from the original November 30, 2020 deadline for serving responses to the discovery requests.

In short, Plaintiff has been granted more than ample time to respond to Defendants' discovery requests. She has not demonstrated that a stay in this case is necessary or warranted. The Motion will be denied and Plaintiff is reminded that she must comply with the June 1, 2021 deadline set by the Court to serve her discovery responses on Defense counsel. Even from the date of this order, Plaintiff still has more than two months to produce responsive documents in compliance with the June 1 deadline. The Court reminds Plaintiff once again that this is a final absolute deadline and cautions Plaintiff that failure to comply with it could result in her being held in contempt of court.

Plaintiff raises one other topic in her Motion. She continues to lash out at Defendants' counsel with personal attacks, alleging that he violated "ethics laws."[6] She argues that, in her opinion, Defense counsel does not represent Rick Peck and has a conflict of interest in representing both Rick Peck and Lola Peck. But Plaintiff offers nothing more than conjecture and speculation in support of her opinion. Plaintiff then shifts to her supposition that Defense counsel has made false filings in this case, arguing that "Rick Peck's alleged signature is 'identical' on every single filing" in this case.[7] But, Plaintiff doesn't identify a single filing in support of her claim.[8] Again these are not new arguments. Moreover, as noted previously by

---

[6] ECF No. 195 at 4.
[7] *Id.* at 3.
[8] The one filing the Court was able to identify with the purported signature of Rick Peck is addressed in ECF No. 200.

District Judge Teeter, "the Court will not assume that counsel is violating professional responsibility rules based solely on Plaintiff's mere hunch."[9] Plaintiff's hunches regarding Defense counsel likewise do not support her motion to stay the case.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff's Motion to Stay Case (ECF No. 195) is denied.

Dated this 26th day of March, 2021, in Kansas City, Kansas.

Teresa J. James
U.S. Magistrate Judge

---

[9] ECF No. 167 at 2 (citing, *e.g.,* KAN. R. PROF'L CONDUCT 1.2(A), 1.4 cmt).