IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **GWENDOLYN G. CARANCHINI,**<br><br>        **Plaintiff,**<br><br>        v.<br><br>**LOLA PECK, et al.,**<br><br>        **Defendants.** | Case No. 18-cv-2249-HLT-TJJ |

**ORDER ON DEFENDANTS' RENEWED
MOTION TO SUBSTITUTE**

On March 26, 2021, the Court entered an Order on Defendants' Motion to Substitute and Notice of Noncompliance (ECF No. 200) ("Order on Substitution"). The Order on Substitution denied Defendants' request for substitution without prejudice to their filing a renewed motion accompanied by a sworn statement (such as an affidavit) from each assignor, with each sworn statement to include a verification that the respective assignor had personally signed the Assignment of Judgments (ECF No. 189) on March 4, 2021. The Court sought verification that Defendants Rick Peck and Lola Peck both agreed to assign certain judgments to Defense counsel because counsel was relying on the Assignment of Judgments as the evidentiary basis of his motion to substitute. In response to the Order on Substitution, Defendants filed their Renewed Motion To Substitute (ECF No.203). Defendants attach to their Renewed Motion a second Assignment of Judgments. Unlike the original, the second Assignment of Judgments is notarized.[1]

---

[1] Although the document is signed by a notary public, its submission does not satisfy the Order on Substitution, which permitted Defendants to refile a motion for substitution accompanied by sworn statements including verification that each assignor had personally signed the Assignment

The Court appreciates Defendants prompt filing of their Renewed Motion. However, the notarized signatures on the second Assignment of Judgments are deficient in two respects. First, the Notary Public's verification is dated March 26, 2021, the day *before* Rick Peck and Lola Peck purportedly signed the document. A notary is not capable of swearing to the presence of signatories on any date other than the date the notary signs the document.[2] Second, the notarial certificate attached to the Assignment of Judgments does not state who appeared in front of the notary to verify their signature. There is a single notarial certificate, not one for each signatory, and it provides no basis for the Court to determine whether both Rick Peck and Lola Peck personally appeared, or whether "from personal knowledge or from satisfactory evidence, that the person appearing before the officer and making the verification is the person whose true signature is on the statement verified."[3] Even the statutory short form verification is to include the name(s) of person(s) making the verified statement.[4] Most concerning is that Rick Peck's signature is on a separate page, where there is no notarial certificate. The second Assignment of Judgments does not comply with the Order on Substitution's explicit requirement that each sworn statement include a verification that the respective assignor personally signed the first Assignment of Judgments.

**IT IS THEREFORE ORDERED** that Defendants' Renewed Motion to Substitute is denied without prejudice to its refiling within seven (7) days of the date of this order. The Court will once again give Defendants an opportunity to fully comply with the conditions set out in the Order on Substitution (ECF No. 200) to address the deficiencies noted in this order. If Defense

---

of Judgments *on March 4, 2021*. But if the Court deems the second Assignment of Judgments reliable in its entirety, the Court will no longer be concerned with the original.
[2]  *See In re Androes*, 382 B.R. 805, 811-12 (Bankr. D. Kan. 2008).
[3]  K.S.A. 53-503(b).
[4]  *See* K.S.A. 53-509(b).

counsel does not file a renewed Motion for Substitution of Parties, within seven (7) days of the date of this Order, counsel shall file a status report stating whether the Assignment of Judgments no longer provides evidentiary support for the Motion to Substitute or Renewed Motion to Substitute.

**IT IS SO ORDERED.**

Dated this 30th day of March, 2021, in Kansas City, Kansas.

Teresa J. James
U. S. Magistrate Judge